[No. 9649. Department One. December 15, 1911.]

BESSIE MAE GARLAND, *Appellant*, v. GROVER GARLAND, *Respondent*.[1]

DIVORCE—GROUNDS—NONSUPPORT. Under Rem. & Bal. Code, § 982, which names as ground for divorce, among others, abandonment for one year, and the neglect or refusal of the husband to make suitable provisions for his family, the two are in no way connected, and non-support need not have continued for one year prior to the commencement of the action; but the wife is entitled to divorce as a matter of law where, without fault on her part, nonsupport has continued for such a reasonable time as to show a settled intention to permanently refuse to support, and three months is sufficient.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered May 18, 1911, upon findings and conclusions in favor of the defendant, dismissing an action for divorce. Reversed.

*Reeves & Reeves*, for appellant.

DUNBAR, C. J.—This is an action for divorce brought by the wife, the appellant in the case. The cause of action alleged is nonsupport. The court, after making the jurisdictional findings of fact, found in addition:

"(3) That on the 20th day of February, 1911, the defendant without any cause whatever other than that the plaintiff and defendant had some slight words over the refusal of defendant to take plaintiff to a show, told her that from henceforth they should be nothing to each other, and on the following day wrote her a letter stating that he would no longer live with her and that he hoped it would never be necessary for them to see each other's faces again.

"(4) That thereafter and on February 23, 1911, the plaintiff endeavored to induce the defendant to live with her as her husband, and was advised by the defendant that he had no longer any affection for her and at which time the plaintiff honestly told the defendant that her love for the

[1]Reported in 119 Pac. 386.

defendant was such and her desire to continue the married relations were such that she would accompany him to their home and live with him even though he did not have any affection for her at that time, and would endeavor to gain his affection, which offer the defendant refused; and thereafter on the same or following day the defendant sent the few personal effects of plaintiff to Wenatchee.

"(5)   That the plaintiff and defendant are far different in temperament and are incompatible in that the plaintiff is of a lively, vivacious and talkative disposition, while the defendant is taciturn, a man of few words and his wife talking to him annoys him.

"(6)   That the defendant is a large, strong, able-bodied man, twenty-six years old and is capable of earning a good salary by manual labor, and is now and has been at all times herein mentioned enjoying good health.

"(7)   That on the day prior to the commencement of this action, at the request of plaintiff, one of her attorneys had a conference with the defendant in an honest endeavor to effect a reconciliation between the plaintiff and defendant and to induce the defendant to take the plaintiff into his home again as his wife and make a further effort to continue living together as husband and wife, but all without avail, and at said conference the defendant refused to undertake a resumption of the marriage relation.

"(8)   That while plaintiff and defendant were living together as wife and husband the plaintiff desired that her husband go upon a farm that was then in the possession of the defendant and reside there and make a home there for himself and his wife, which defendant refused to do, but for the greater portion of their married life lived with his parents Mr. and Mrs. J. Garland domiciling his wife in their said home, to this she objected and insisted on living unto themselves on the said farm and this caused a considerable disagreement between them.

"(9)   That ever since the 20th day of February, 1911, the defendant has wholly failed to make suitable provision or any provision whatever for the support of the plaintiff and has contributed nothing whatever to her maintenance or support since said date, during which time the plaintiff has resided with her parents in Wenatchee and has worked during a portion of said time and is now so working as waitress in

the Wenatchee hotel, and she has no means of support whatever and has not had since the 20th day of February, 1911, save and except her own labor and the kindness of her parents."

The court also found that, at the time of the commencement of the action, the plaintiff was anxious and willing to live with the defendant as his wife, but he was unwilling to live with her or receive her as such, or to maintain her, and did refuse to do either, and continued his refusal down to the day of the trial. Upon the foregoing facts, the judge concluded, as a matter of law, that the action should be dismissed. From a judgment flowing from this conclusion, this appeal is taken.

Defendant did not testify at the trial, and there is no question raised upon the testimony, the only question being, do the findings support the judgment of dismissal. We are of the opinion that the court placed too limited a construction upon the statute. Rem. & Bal. Code, § 982, among other causes which will warrant a divorce, provided:

"(4) Abandonment for one year; (5) cruel treatment of either party by the other, or personal indignities rendering life burdensome; (6) habitual drunkenness of either party, or the neglect or refusal of the husband to make suitable provisions for his family."

Whatever may be said of other provisions of the statute, it seems to us that this woman has brought herself squarely within the latter part of paragraph 6, viz., the neglect or refusal of the husband to make suitable provisions for his family. The court doubtless took the view that a sufficient time had not elapsed from the time of the refusal of the husband to provide to the time of the action. It will be noticed that, while the statute provides that abandonment must continue for one year, there is no such provision with reference to the husband making suitable provision for his family. The two provisions are in no way connected. A husband may abandon his wife so far as consortium is concerned, and at

the same time make suitable provision for her support, or
he may be willing to live with her and refuse to support her.
In the absence of a specified time in the provisions of the
statute in relation to support, we can but hold that a rea-
sonable time is within the contemplation of the act, and if
a wife is entitled to support for one year, she is entitled to
support for one month, or any time, and at all times, the
only duty of the court being to determine that the time was
of such duration as to reasonably show a settled intention
to refuse permanently to support. The time shown by the
testimony in this case, as determined from the findings of
fact, was from the 20th of February until the 13th day of
May, or practically three months. We think this was a
sufficient time to indicate such want of support as was con-
templated by the statute.

The judgment will be reversed and the lower court will
grant the decree as prayed for.

PARKER, MOUNT, and FULLERTON, JJ., concur.