[No. 11261. Department One. September 12, 1913.]

LILLIAN MERRIAM, *Appellant*, v. CHARLES B. MERRIAM, *Respondent*.[1]

DIVORCE—GROUNDS—FAILURE TO SUPPORT. Under Rem. & Bal. Code, § 982, subd. 6, providing that a divorce may be granted for the neglect or refusal of the husband to make suitable provision for his family, his duty to support his wife is a continuing one, and it is error to refuse a divorce, where the court finds that the husband, having the ability, refused to make any provision for her support for a sufficient length of time to show his settled purpose to disregard his duty; and it is no defense that the wife found employment and was able to maintain herself.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered April 24, 1913, upon findings in favor of the defendant, dismissing an action for divorce. Reversed.

*Jno. L. Dirks,* for appellant.

*George H. Crandall,* for respondent.

GOSE, J.—This is an action for divorce grounded upon the neglect and refusal of the defendant husband to support the plaintiff. The defendant defaulted after personal service. The state was represented at the trial by the deputy prosecuting attorney. After finding the jurisdictional facts, the court found:

"That on or about the 1st day of November, 1912, defendant without any just cause and against plaintiff's wish

[1]Reported in 134 Pac. 1058.

and remonstrance deserted the plaintiff, informing plaintiff at the time that he would no longer live with her and that although repeatedly urged and requested by plaintiff to return, he has refused to do so and still continues to live separate and apart from her.

"That during the past six months defendant has contributed nothing to plaintiff's support and maintenance, and although plaintiff has repeatedly requested and asked for financial assistance whereby to maintain herself, defendant has refused to assist her and did on the said 1st day of November, 1912, inform plaintiff that he would no longer contribute anything whatever to her support.

"That defendant's conduct has been without any warrant or justification.

"That a total want of harmony and affection exists between plaintiff and defendant making it impossible for them to live together.

"That defendant is an able bodied man, engaged in a lucrative business and possessed of considerable property and means and has at all times been well able to provide for plaintiff and is well able to defray plaintiff's expenses in this action.

"That plaintiff is possessed of no means and ever since the said 1st day of November, 1912, has been compelled to earn her own living, but has since said date secured lucrative employment at a salary of forty dollars a week."

The court deduced the legal conclusion that the action should be dismissed because the plaintiff was earning $40 per week and was therefore able to maintain herself, and entered judgment dismissing the action. The parties have no children and there is no community property.

The statute, Rem. & Bal. Code, § 982, subd. 6 (P. C. 159 § 1), provides that a divorce may be granted for "the neglect or refusal of the husband to make suitable provisions for his family." It is the duty of the husband to support his wife while living with her, and he cannot absolve himself from that duty by deserting her without cause. The failure of the husband to make "suitable provisions" for his family is made a cause for divorce by the statute. The duty of the husband to

support his wife is a continuing one, operating upon him from day to day, and when he has violated that duty for a sufficient length of time to show a settled purpose to disregard it, the wife may have the marriage relation dissolved. The findings show a wilful breach of duty on the part of the husband, despite his ability to discharge that duty. His conduct is no less reprehensible because the wife was able to work and maintain herself. He has broken the bond, and the statute provides the measure of relief. *Garland v. Garland,* 66 Wash. 226, 119 Pac. 386.

The judgment is reversed, with directions to grant the appellant a decree of divorce.

CROW, C. J., PARKER, MOUNT, and CHADWICK, JJ., concur.