[No. 15697.   Department One.   July 22, 1920.]

### E. R. A. SCHWARZMILLER, *Appellant*, v. ELLEN A. SCHWARZMILLER, *Respondent*.[1]

ACTIONS (31)—COMMENCEMENT OF ACTION—PROCEEDINGS CONSTITUTING—SERVICE OF PROCESS.   The failure of a party to make personal service or commence service by publication within ninety days from the date of filing the complaint, as required by Rem. Code, § 220, does not lose plaintiff his cause of action or right to serve a complaint and summons at a subsequent time, upon the court's order allowing the complaint to be refiled.

ACTIONS (17)—CHANGE OF CHARACTER OR FORM.   Where there had been no service of process and the defendant had not appeared in an action for separate maintenance, the court, upon allowing an amendment to change the action to one for divorce, is within its powers in permitting the change and ordering that the complaint may be deemed refiled as of a later date to give the court jurisdiction of the action for divorce.

[1]Reported in 191 Pac. 808.

PLEADING (112) — AMENDMENT OF COMPLAINT — JURISDICTION — CHANGE IN FORM OF ACTION—DIVORCE. A complaint in an action for separate maintenance, where no service of process was had, may be amended on application of the plaintiff so as to state a cause of action for divorce.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered March 4, 1919, upon findings in favor of the defendant, dismissing an action to annul a marriage, tried to the court. Affirmed.

*Coleman & Fogarty* and *Q. A. Kaune*, for appellant.

*E. C. Dailey* and *A. E. Dailey*, for respondent.

MITCHELL, J.—On May 1, 1918, E. R. A. Schwarzmiller commenced this action in the superior court of Snohomish county, against his wife, Ellen A. Schwarzmiller, for a decree of nullity of their marriage solemnized on January 3, 1917. He has appealed from a judgment denying any relief and dismissing the action.

Respondent and one Thomas D. Murphy intermarried in the year 1899. He was living at the date of the commencement of the present suit. It is the claim of respondent that she was divorced from her former husband by a decree of the superior court of King county, Washington, filed therein on March 17, 1905. On the contrary, appellant contends the divorce proceedings in that case were fatally defective and that the decree is void.

The record in that case shows substantially the following facts and proceedings: On September 20, 1903, Murphy and his wife came to Seattle to live. On June 7, 1904, she filed in the superior court of King county a summons and complaint against her husband for separate maintenance. No service of any kind was had, or attempted to be had, on the defendant therein

prior to December 5, 1904, at which time the court made
and signed a written order reciting that it was made
upon her application to amend her complaint and the
prayer thereof in certain formal particulars that were
enumerated so as to make it a complaint for a divorce,
and further reciting that she had now resided in King
county continuously for more than a year, and that the
complaint stated facts sufficient to support an appli-
cation for a divorce upon two grounds; first, cruel
treatment; second, neglect to make suitable provisions
for the family, etc. The order further provided that
the complaint be deemed filed as of the third day of
December, 1904, that the complaint be amended as in-
dicated and that the order be made a part of the com-
plaint, and that a copy of the complaint as amended be
served upon the defendant therein. The order was
duly filed on December 5, 1904, in, and became a part
of, the record in that case. On December 17, 1904, the
sheriff made a return of not found, on a twenty-day
summons in the case. Promptly there was made and
filed a due and proper affidavit, followed by publica-
tion of summons, of which publication proof by affi-
davit was filed on February 20, 1905. On February 20,
1905, default was entered against the defendant, and
on March 4, 1905, the court, upon the trial of the di-
vorce case, made its findings, conclusions and decree
in favor of the plaintiff therein, which were filed with
and entered by the clerk on March 17, 1905.

In the present case, it is the contention of appellant
that the complaint for separate maintenance, filed in
the case of Murphy v. Murphy, could not thereafter be
converted or amended into a complaint for divorce, or
at all. That it had lost its efficacy for any purpose,
since there had been no personal service, or the com-
mencement of service by publication therein within

ninety days from the date of filing the complaint, and in the absence of any appearance on the part of the defendant therein.

Section 220, Rem. Code, provides that civil actions in the superior court shall be commenced by the service of a summons, or by filing a complaint with the clerk of the court, "Provided, that unless service has been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint." It appears, therefore, that, prior to December 5, 1904, Mrs. Murphy had not commenced any action against her then husband, having only filed a summons and complaint on June 7, 1904. But even after the expiration of ninety days, she had not lost all her rights, for, as was said in *McPhee v. Nida*, 60 Wash. 619, 111 Pac. 1049:

"But a party does not for these reasons lose his cause of action or his right to serve a complaint and summons at a subsequent time."

After the expiration of the ninety days, and after she had been living in the state more than a year, she applied to the court on December 5, 1904, for leave to amend her complaint concerning the length of her residence in this state and to change its prayer to one for divorce. Those were the only respects in which the original complaint was lacking to allow proof of cause for a divorce which she then claimed she was entitled to. At the time of asking leave to amend, the defendant therein had no control whatever over the matter. He had neither been served with process nor had he appeared in the case. The matter was entirely under the control of the plaintiff therein and the court in whose clerk's office the summons and complaint were

on file. Unquestionably, under those circumstances, the court was within its powers and discretion to permit the amendment and suggest the form therefor as provided in the order. The making and filing of the order constituted the amendment to the complaint, which was adjudged and to be considered as filed on December 3, 1904. That was shown by the very terms of the order, which were accepted and adopted by the plaintiff as an amendment to the complaint. It was after the complaint was thus amended and considered as refiled by the order of the court that service was had on the defendant therein by the publication of a sixty-day summons, commenced on the 20th day of December, 1904. The summons, as the affidavit of publication discloses, stated that the action was one for divorce. So far as the rights of the defendant therein were concerned, as well as the jurisdiction of the court over the marriage relation of the parties, the action was upon the complaint as amended, of which the record gave ample and complete information; and the failure to commence the action as intended at the time of filing the original complaint should cause no confusion, nor does it weaken the efficacy of the subsequent proceedings, including the amendment to the complaint, the service by publication of summons, order of default, trial, findings and conclusions, and decree of divorce.

It is further contended that the summons published in the divorce case inadequately stated the object of the action. We are satisfied, however, that it sufficiently answers the requirements of the statute— subd. 4, § 228, Rem. Code.

Judgment affirmed.

HOLCOMB, C. J., PARKER, BRIDGES, and MAIN, JJ., concur.