[No. 19991.  Department One.  July 1, 1926.]

CLARENCE D. HOLLAND, *Appellant*, v. MARGARET M. HOLLAND, *Respondent*.[1]

[1] HUSBAND AND WIFE (105)—SEPARATE MAINTENANCE—RIGHT OF WIFE.  Separate maintenance is properly decreed to a wife where the parties have been separated for two years and will never again be able to live together as man and wife.

[2] SAME (111) — ACTION FOR SEPARATE MAINTENANCE — AMOUNT OF AWARD.  An allowance for separate maintenance held excessive and reduced twenty-five per cent.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered November 6, 1925, upon findings in favor of the defendant, in an action for divorce, tried to the court.  Modified.

*F. W. Moore* and *Tucker, Hyland & Elvidge,* for appellant.

*Stratton & Kane,* for respondent.

HOLCOMB, J.—Appellant, a petty officer in the United States Navy, stationed at the United States Navy Yard at Bremerton, this state, at the time of the commencement of his action, in January, 1925, began an action against respondent for divorce.

The issues being joined by pleadings on behalf of respondent, it appeared at the trial of the cause that appellant, in May preceding and less than one year theretofore, instituted an action against respondent in the state of California for a divorce, which was still pending.  Upon this disclosure, the trial court announced that jurisdiction was not acquired in the state of Washington of the subject-matter of the action, but later considered that, because a year had then, at the time of the trial, expired since the commencement of

[1]Reported in 247 Pac. 455.

the action for divorce in California, and a year's residence established in the state of Washington, and since respondent prayed for separate maintenance, although not applying for divorce in her answer, allowed appellant to amend his reply, and in accordance therewith to apply for a divorce.

On hearing the evidence, however, the trial court found that appellant was not entitled to a divorce from respondent, but that respondent was entitled to a decree of separate maintenance from appellant, and gave respondent an allowance of $200 per month to be paid by appellant as long as he was in the United States Navy upon a salary of $400 per month, and $100 per month upon his retirement from the navy, together with an allowance for attorney's fees and costs.

It appears from the evidence that appellant was, while in active service, receiving a salary and allowances of about $400 per month. He has served thirty years in the navy, or since he was fourteen years of age, and will be eligible to retirement on half pay in August, 1926. He had, for some time prior to the hearing of this proceeding in the trial court, been invalided and in the Navy Hospital at Bremerton eighty-seven days for diabetes. Respondent, it appears, is a healthy, able-bodied woman of about thirty-eight years of age. Appellant was forty-three years of age at the time of the trial in June, 1925.

The parties were married in June, 1907, and have never had any children. Respondent received a small inheritance a few years since, with which, together with part of appellant's salary, they purchased a dwelling house in Los Angeles, California, for which they paid $7,200, and which, according to the evidence, is now worth $7,200 or $7,500, and furnished it with furniture worth from $1,500 to $2,500. There is a mortgage on

the real estate for $3,500, bearing interest at the rate of seven per cent per annum. The taxes on the property amount to $101 per year. The premises were rented unfurnished at the time of the trial for $55 per month, although two or three years prior thereto they had rented for $80 per month.

[1] Disregarding the question of the jurisdiction of the court to grant a divorce to appellant in this action, which was begun less than one year before he had established a permanent residence in this state, the record discloses ample evidence, as found by the trial court, that appellant was not entitled to a divorce and that respondent was entitled to separate maintenance. It sufficiently appears that the parties will never again be able to live together as man and wife. They have been separated for some two years or more. They have become so antagonistic towards each other that they have become habituated to making charges and recriminations against each other.

The decree granting separate maintenance is, therefore, just and proper. The only question remaining to be determined is the amount appellant should pay to respondent.

[2] It appears that the real estate in California, not being within the jurisdiction of the courts of this state, and being in the name of respondent, can only be considered by the courts of this state in making proper allowance for the property owned by each party, the manner in which it was acquired, and the condition in which it will leave each of the parties.

Since there is no doubt that respondent will have the control of at least $55 per month, and possibly more, as rental income from the property, out of which she will be required to pay interest on the mortgage existing thereon, and taxes, and since it indisputably ap-

pears that appellant suffers from a disease which compelled him to remain in the hospital for eighty-seven days at one time in 1924, that, when he retires from the navy, he will not have the same privileges and perquisites that he had before, and will have no occupation or calling, but will be obliged to rely solely upon his retirement pay, we think that the allowance of $200 per month out of his salary while on active navy pay, and $100 when retired on $200 per month is somewhat too much.

On the entire record, therefore, we believe the allowance of $200 per month from the time of trial until the date when appellant will retire from the United States Navy should be reduced to $150 per month. The allowance of $100 per month after retirement will be reduced to $75 per month. Under the circumstances and conditions of the parties, these sums are amply sufficient for the separate maintenance of the respondent.

In all other respects, the judgment is affirmed and respondent allowed costs.

TOLMAN, C. J., ASKREN, FULLERTON, and BRIDGES, JJ., concur.