[No. 31006. Department One. November 22, 1949.]

PHYLLIS M. HERR, *Respondent,* v. MELVIN D. HERR,
*Appellant.*[1]

*Karr, Tuttle & Campbell,* for appellant.

*Ervin F. Dailey,* for respondent.

SCHWELLENBACH, J.—On October 7, 1946, Phyllis M. Herr
commenced an action for separate maintenance against her

[1]Reported in 211 P. (2d) 710.

husband in the superior court for King county, cause No. 378294. The complaint alleged:

"That plaintiff and defendant have been residents of Seattle, King County, Washington continuously since August 12th, 1946; . . ."

Although it appears from the testimony that the plaintiff obtained a restraining order against her husband, no further pleadings were filed in this action until August 21, 1947, on which date Mrs. Herr filed an "Amended Complaint" in the same cause, setting out essentially the same grounds as the original complaint but seeking a divorce instead of separate maintenance. This amended complaint alleged:

"The plaintiff has resided in the above county and state for over one year *past* past and still resides therein."

In his answer, the defendant admitted the above allegation.

After a trial on the issues as tendered by the amended complaint, an interlocutory order of divorce was granted to plaintiff. The trial court found:

"That the plaintiff has resided in the above county and state over one year prior to the institution of the action herein and was at the time of said hearing a resident of said county and state."

A motion for a new trial was interposed by the defendant on the ground, *inter alia,* of lack of jurisdiction of the subject matter. This was the first and only instance in which the jurisdiction of the court was challenged. The motion was denied and this appeal follows.

Rem. Rev. Stat., § 984 [P.P.C. § 23-7], provides in part:

"Any person who has been a resident of the state for one year may file his or her complaint for a divorce. . . ."

█ It is clear that, when respondent filed her original complaint for separate maintenance on October 7, 1946, alleging that she had been a resident of Seattle, King county, Washington, since August 12, 1946, she did not state facts sufficient to give the court jurisdiction to grant her a divorce. But she did state facts sufficient to give the court jurisdiction to award her separate maintenance. *Hol-*

*land v. Holland,* 139 Wash. 424, 247 Pac. 455; *State ex rel. Lloyd v. Superior Court,* 55 Wash. 347, 104 Pac. 771, 25 L. R. A. (N.S.) 387.

Our problem, then, is to determine whether or not a complaint for separate maintenance may be amended to a complaint for divorce, when the original complaint for separate maintenance did not state facts sufficient to give the court jurisdiction to grant a divorce, but where the amended complaint did allege the requisite jurisdictional facts. The amended complaint alleged that the plaintiff had been a resident of the state for more than a year. Had a new action for divorce been commenced alleging that fact, the court would clearly have had jurisdiction.

■ An amendment to a complaint may introduce a new or different cause of action. Rule of Practice 6(3), 18 Wn. (2d) 34-a.

"An amendment which is complete in itself and does not refer to, or adopt, the prior pleading, supersedes it and the original pleading ceases to be a part of the record, being in effect abandoned, or withdrawn, and becoming functus officio, with the result that the subsequent proceedings in the case are to be regarded as based upon the amended pleading, which will not be aided by anything in the prior pleading, and any ruling of the court with relation to the sufficiency of the original pleading is not properly in the record." 49 C. J. 558, Pleading, § 773.

"Amendments which do not introduce a new cause of action or defense are ordinarily held to relate back to the time of filing the original pleading or commencement of the action, unless they present matter arising subsequent thereto; and no matter how many amendments may be filed, the necessary legal intendment is that the action was originally brought for the cause ultimately declared on. On the other hand, an amendment will not ordinarily relate back to the filing of the original pleading if the proof necessary to support the pleading as amended is different from the proof necessary to support the same pleading before the amendment; and if the amendment introduces a new cause of action, setting up some claim or title not previously asserted, it does not relate back to the filing of the original pleading, but is subject to all the defenses that may be made to a new suit instituted at the time the amendment

is filed, and the amendment is in legal effect a dismissal of the former suit and the commencement of a new one. . . . The fact that an original petition is insufficient to confer jurisdiction does not deprive the court of jurisdiction to proceed upon an amended petition which is sufficient." 49 C. J. 560, Pleading, § 777.

In *Seely v. Gilbert,* 16 Wn. (2d) 611, 134 P. (2d) 710, we held that the filing of a second amended complaint which is complete in itself and does not reserve any part of the original or first amended complaints, constitutes an abandonment of the two former complaints and the action rests on the second amended complaint. To the same effect is *Skidmore v. Pacific Creditors,* 18 Wn. (2d) 157, 138 P. (2d) 664.

In *Wickliff v. Wickliff,* 191 Ark. 411, 86 S. W. (2d) 553, the plaintiff became a resident of the state on December 21, 1933, and filed suit for divorce on February 19, 1934. He had not then been a resident of the state for two months before filing suit, as required by Arkansas law. On June 7, 1934, he filed an amended complaint for divorce on a different ground. The court said:

"It appears, as has been said, that the suit was prematurely brought. But the amendment to the complaint was filed at a time when the plaintiff had resided in this State for a sufficient length of time to sue for a divorce. This amendment alleged a new cause of action, and, as was said in the case of *Wood v. Wood,* 59 Ark. 441, 27 S. W. 641, the filing of an amendment setting up an entirely separate and distinct cause of divorce, and the answer of the defendant thereto, were equivalent to, and not distinguishable from, the bringing of a new suit, and the defendant, by answering, entered her appearance, and waived summons, and the same result was reached as would have been accomplished had a new and original complaint been filed with service of process thereon."

In *Schwarzmiller v. Schwarzmiller,* 111 Wash. 672, 191 Pac. 808, respondent and her former husband came to Seattle to live on September 20, 1903. On June 7, 1904 (less than a year after moving to the state) she filed a summons and complaint against her husband for separate maintenance. No service was had on the husband. On December

5, 1904, the court made an order authorizing her to file an amended complaint for divorce. The amended complaint recited sufficient residential requirements to give the court jurisdiction over the subject matter of divorce. Service was had by publication and she received an interlocutory order of divorce by default. After obtaining a final decree she married Schwarzmiller, who later commenced an annulment action on the ground that the court did not have jurisdiction to grant a divorce in the prior action. As to that contention, this court said:

"So far as the rights of the defendant therein were concerned, as well as the jurisdiction of the court over the marriage relation of the parties, the action was upon the complaint as amended, of which the record gave ample and complete information; and the failure to commence the action as intended at the time of filing the original complaint should cause no confusion, nor does it weaken the efficacy of the subsequent proceedings, including the amendment to the complaint, the service by publication of summons, order of default, trial, findings and conclusions, and decree of divorce."

█ In the case at bar, when respondent filed her amended complaint for divorce, she abandoned her prior action for separate maintenance. To all intents and purposes, it was a new proceeding. The filing of the amended complaint, reciting sufficient residence in the state, and reciting sufficient grounds for divorce, gave the court jurisdiction over the subject matter of divorce.

Appellant relies upon the early case of *Luce v. Luce,* 15 Wash. 608, 47 Pac. 21. The amended complaint therein alleged "that for one year last past and more, immediately preceding the filing of his amended complaint herein, he has been a resident of the state of Washington." Contention was made that, since it did not appear from the allegation that the plaintiff had been a resident of the state for more than one year before the commencement of the suit, the amended complaint did not state a cause of action, in that it failed to show jurisdiction over the subject matter. This court said, in connection therewith:

"That the complaint in an action for divorce should show affirmatively that the plaintiff has been a resident of the

state for more than a year before the action was commenced is undoubtedly true, and if nothing further had appeared in the pleadings, taken as a whole, than the allegation above referred to, the contention of the appellant would have to be sustained."

However, the court pointed out that the original complaint did allege sufficient residence in the state. Examination was then made of the testimony, and this court found that the plaintiff had not actually resided in the state for more than one year prior to the filing of the original complaint, and the divorce was denied on that ground. It is clear, therefore, that the statement above quoted was merely *dictum*. Moreover, an examination of the file in the *Luce* case discloses that the allegation of one year's residence in the amended complaint was also false. Hence there was no jurisdiction under either complaint.

In the case at bar, the original complaint for separate maintenance was abandoned by the plaintiff when she filed her amended complaint stating a cause of action for divorce. The power of the trial court to hear and determine the issues in the latter cause stemmed from the allegations contained in the amended complaint. Its jurisdiction was not dependent upon the averments of the abandoned original complaint stating a different cause of action. The amended complaint contained a sufficient allegation as to plaintiff's residence; the undisputed testimony proved the truth of this allegation; and the trial court found that plaintiff had resided in the state "over one year prior to the institution of the action herein." We conclude, therefore, that the trial court had jurisdiction to grant plaintiff a divorce.

Appellant also complains that the award of property to respondent was inequitable. Respondent was given the custody of two minor children, one of whom is in danger of losing his sight and hearing. We cannot say, from the record, that the court abused its discretion in this regard.

The judgment is affirmed.

BEALS, GRADY, and DONWORTH, JJ., concur.

SIMPSON, C. J., dissents.