[No. 31503. Department One. November 25, 1950.]

OLLIE EVA BASELT, *Respondent,* v. RALPH IRA BASELT, *Appellant.*[1]

'Reported in 224 P. (2d) 631.

*A. J. Hutton,* for appellant.

*Helen Graham Greear,* for respondent.

Hill, J.—This is a divorce action. The husband appeals from a decree awarding the wife a divorce and property of a value in excess of eleven thousand dollars and awarding the husband two life insurance policies, each in the amount of one thousand dollars but with no cash surrender value, a 1938 De Soto sedan, and all interest in a government retirement pension which will pay him $1,280 a year when and if he attains the age of sixty-two. (He was fifty-five at the time of the trial.)

A somewhat unusual situation existed with reference to the property awarded to the wife. The community, for the purpose of assisting a son to establish himself in the drive-in restaurant business, had mortgaged the family home. It had also been necessary to mortgage the property on which the restaurant was located. The son was to pay the mortgages on both properties in monthly installments and, when the mortgages were paid, the community was to have a half interest in the drive-in restaurant property and business. The home was worth $12,500, and the unpaid balance of the $5,000 mortgage was, at the time of the trial, $4,339.17, which, as indicated, the son was obligated to pay. The restaurant property was found to be worth $10,200, subject to an unpaid balance of $3,713.48 on the mortgage. The court found that the home, the interest in the drive-in restaurant property and business, and household furnishings worth $1,000 had a net value of approximately $11,353.26.

The husband contends that the wife did not establish

grounds for divorce, and that the property award was an abuse of discretion on the part of the trial court.

The trial court properly regarded all property, including the retirement pension, as community property. The husband is a skilled workman, found by the court to be "strong, able-bodied, healthy and powerful"; the wife's health is such that she is unfit for such employment as is open to one of her experience. It seems to us that, with the pension (which could be paid only to him), the husband would be in a much better position than that of the wife even if she received all the rest of the property.

The question of whether the wife was entitled to a divorce on the showing made presents a closer question. She alleged in her amended complaint, verified September 19, 1949:

"That on April 29, 1949, defendant [appellant] deserted and abandoned plaintiff [respondent] without warning and without information as to his whereabouts. That since said date defendant has not communicated directly with plaintiff and has furnished her only the sum of approximately $202.00 for temporary support and suit money since the beginning of this action. That plaintiff is informed, believes and therefore alleges as a fact that defendant left the state of Washington with another woman with whom he has lived since he left plaintiff, & that defendant had been employed in the Puget Sound Naval Shipyard for twenty-two (22) years but resigned his position in the Shipyard in order to leave the state with this woman. That defendant left plaintiff penniless at the time of his departure, without any means of support and without any provision for paying the indebtedness on the home. That plaintiff has no training for earning a livelihood and no income, but has been forced to rent her home and to seek employment in a hospital dining room. That the parties younger son is a sophomore in Olympic Junior College, living at home with plaintiff at the time that defendant deserted them and that defendant has utterly neglected to make any suitable provision for the support of his wife or his son."

The reasons for which a divorce may be granted under the divorce act of 1949 (Laws of 1949, chapter 215, p. 698; Rem. Supp. 1949, § 997-2 *et seq.*) that could conceivably have any application to the present case are:

" . . . (2) For adultery on the part of the wife or of the husband, when unforgiven, and the application is made within one year after it shall have come to the knowledge of the party applying for a divorce. . . .

"(4) Abandonment for one year.

"(5) Cruel treatment of either party by the other, or personal indignities rendering life burdensome. . . .

"(7) The neglect or refusal of the husband to make suitable provision for his family. . . ." Rem. Supp. 1949, § 997-2.

A subsequent section of that act, § 997-11, reads in part as follows:

"In all cases where the Court shall grant a divorce . . . , it shall be for cause distinctly stated in the complaint, proved, and found by the Court. . . ."

As we construe the allegations of the wife's amended complaint, it could be inferred, though it was not distinctly stated, that she was seeking a divorce because of (1) desertion and abandonment, (2) adultery, and (3) cruelty and personal indignities. A fourth ground, the failure of the husband to make suitable provision for his family, was distinctly stated.

The desertion and abandonment, though found by the trial court, had not continued for one year and may be disregarded.

The trial court's finding that the defendant became interested in another woman is amply supported by the evidence, but the finding of "infidelity" (which we assume was intended as a synonym for "adultery") is not so supported.

The husband's association with the "other woman" might well have constituted cruel treatment or personal indignities rendering his wife's life burdensome. However, allegations of mental anguish and suffering contained in the original complaint were omitted from the amended complaint, and this ground (if the wife intended to rely upon it) was not distinctly stated. We have had occasion to make it clear that it is the effect of the conduct of the erring spouse on the other that determines whether or not the conduct

complained of constitutes cruelty or personal indignities. *Thompson v. Thompson*, 16 Wn. (2d) 78, 132 P. (2d) 734; *Neff v. Neff*, 30 Wn. (2d) 593, 192 P. (2d) 344. And it was not proved that the husband's conduct had caused the wife embarrassment, humiliation, or mental anguish, nor did the court so find.

We are persuaded that no ground for divorce was "distinctly stated in the complaint, proved, and found by the Court" unless it be "The neglect or refusal of the husband to make suitable provision for his family."

The youngest son of the parties was within six months of his twenty-first birthday when the husband left the family home April 29, 1949, and had attained his majority before the decree was entered herein. Our chief concern, therefore, is with the situation in which the husband left his wife and what provision he made for her.

He took with him some five hundred dollars, that being all of the cash of the community except three dollars. He left her with a home—mortgaged, it is true, but with one of the sons obligated to make the mortgage payments. This home she rented, first for one hundred dollars a month and later for seventy-five dollars a month. The rental from the home was augmented by $202 from the husband during the period between April 29, 1949, and September 19, 1949.

What constitutes "suitable provision for his family" within the purview of Rem. Supp. 1949, § 997-2, is relative and depends upon the circumstances of the particular case. Certainly in many situations leaving a wife with no children to support with an income of the character indicated would be regarded as suitable provision. But the question is, was it a suitable provision in the present case? or, more specifically, was it suitable for a woman who had been married for more than thirty-two years, who had no special skill or training for any employment outside the home, who had hemorrhoids, varicose veins and high blood pressure which incapacitated her from continuing in such employment as was open to her, while the husband could, if he so desired, have been steadily employed at good wages?

We realize that the wife in this case has not been in want. She secured employment in the hospital dining room at the veterans' home at Retsil, where she earned $135 a month plus board and room. However, the trial court found:

". . . That said work is menial and requires plaintiff to be on her feet many hours each day; that plaintiff is not in physical condition due to her varicose veins and other ailments to continue with her present employment. That the plaintiff is physically incapable of carrying on steady employment."

While the wife is to be commended for a valiant and thus far successful effort to support herself, which the husband seeks to capitalize on as evidence that she is suitably provided for, it is our view that she should not have been forced to seek employment of that character and would not have been had he made suitable provision for her, which he was at all times capable of doing. See *Merriam v. Merriam*, 75 Wash. 389; 134 Pac. 1058.

We have held, in construing Rem. Rev. Stat., § 982 [P.P.C. § 23-1] (which set forth the ground for divorce prior to the adoption of the 1949 statute), that for a wife to be entitled to a divorce on the ground of "neglect or refusal of the husband to make suitable provisions for his family," the neglect or refusal must continue for such a time as is sufficient to indicate a settled purpose to disregard his obligation in that respect. *Garland v. Garland*, 66 Wash. 226, 119 Pac. 386; *Merriam v. Merriam, supra*; *Barnhart v. Barnhart*, 109 Wash. 110, 186 Pac. 267. When the amended complaint was verified and served, almost five months had passed since the husband had, without cause so far as the record shows, abandoned his wife, and still another six weeks passed before the case came on for trial. His letters to his children during that period show that he was deliberately passing up any opportunity for employment or to engage in business until the divorce action was settled. There is no indication that he intended to contribute anything further to his wife's support.

We are of the opinion that the husband failed to make

suitable provision for his wife, and that there is here established a settled purpose to disregard his obligation to do so.

The judgment of the trial court is in all respects affirmed.

SIMPSON, C. J., BEALS, GRADY, and DONWORTH, JJ., concur.