[No. 327-2. Division Two. July 28, 1971.]

CLIFFORD F. DEREVERE, *Appellant*, v. JEAN W. DEREVERE, *Respondent*.

*Troup, Christnacht & Herron* and *George W. Christnacht,* for appellant.

*Lee, Krilich, Lowry & Thompson* and *Thomas G. Krilich,* for respondent.

PETRIE, C.J.—The primary issue presented by this appeal

from a decree of divorce is whether or not the husband's interest in a company retirement plan constituted "property" divisible as such by the court.

The detailed specifications of the retirement plan have not been placed in the record. Accordingly, we make no definitive determination of the rights, in general, of parties to such plan. However, sufficient information does appear in the record to dispose of the issue presented by this appeal.

At the time of trial and entry of the decree, Mr. DeRevere was 58 years of age and had been employed by the American Telephone and Telegraph Company continuously for more than 40 years. His employer had established a noncontributory retirement plan under which, assuming his continuing employment with this company, he will have the option of retiring at or after age 60, but will be required to retire at age 65. The annual amount of his pension is determined by multiplying his years of service by 1 per cent of the average of his five highest annual salaries. If he should quit work or be fired before age 60, he would receive no pension. If he should become disabled, however, he would be entitled to a pension. Should he pass away before age 60, his widow would receive a benefit under the plan, but this latter provision, however, is terminated upon divorce. Mr. DeRevere testified, and such testimony is not controverted, that his interest in the retirement plan has neither cash value nor cash surrender value. When asked if it had any market value, he replied, merely: "It is non-contributory."

The trial court considered Mr. DeRevere's potential retirement benefits as "property" and made final disposition thereof. He has appealed, assigning error to the court's finding of fact awarding Mrs. DeRevere the sum of $400 per month, effective May 10, 1970, in lieu of her community interest in the retirement plan, and "as further property division."

 We start with the proposition that it is the duty of the trial court, in an action for divorce, to dispose, with

finality, of *all* property of the parties which is brought to its attention. *Shaffer v. Shaffer*, 43 Wn.2d 629, 262 P.2d 763 (1953). Further, it is now firmly established in this jurisdiction that retirement provisions are in the nature of deferred compensation; and, as such, the employee has a *vested right in the system* which cannot be altered to his detriment, whether such system be a public plan, *Bakenhus v. Seattle*, 48 Wn.2d 695, 296 P.2d 536 (1956), a private, employee contributory plan negotiated through the collective bargaining process, *Dorward v. ILWU-PMA Pension Plan*, 75 Wn.2d 478, 452 P.2d 258 (1969), or a voluntary, noncontributory (employer financed) plan, *Jacoby v. Grays Harbor Chair & Mfg. Co.*, 77 Wn.2d 911, 468 P.2d 666 (1970).

■ ■ Although the employee has a vested right in the system or plan from the date of its inception, he has no enforceable monetary right unless and until the contractual terms for *payment* of accrued benefits, at present or at some time in the future, have been met. *Jacoby v. Grays Harbor Chair & Mfg. Co., supra.* In the case at bar, Mr. DeRevere's interest in the retirement plan will not ripen into a vested right to payment of specifically accrued benefits unless and until he continues in employment with the company and he reaches age 60 (or until he is determined to be disabled pursuant to the terms of the contract). Upon the happening of this critical event, his interest becomes matured to the point that he then has a *fully vested*[1] interest in the future payment of those benefits. Until that critical event occurs, his interest, although vested in the system, is a mere expectancy. A prospective expectancy of an estate which may come into being in the future, as distinguished from future benefits to be derived from an estate already in existence, does not constitute property in the hands of the divorce court to be fairly and equitably divided. At the time when the court divided property of the

---

[1]The term "fully vested" is perhaps a misnomer because in many plans the employee may continue to increase the amount, and sometimes the character, of accrued benefits by continuing to remain employed.

parties it was mere speculation that Mr. DeRevere's interest in the retirement plan would mature into a vested right to payment of accrued benefits. *Freeburn v. Freeburn,* 107 Wash. 646, 182 P. 620 (1919). *See also, Storm v. Storm,* 470 P.2d 367 (Wyo. 1970).

With commendable candor, counsel for Mr. DeRevere has brought to our attention the decision of the court in *Baselt v. Baselt,* 37 Wn.2d 461, 224 P.2d 631 (1950), which seems, superficially, to support the proposition that an interest in a government retirement pension 7 years away from maturity may be properly regarded as property divisible by the court with finality. However, from examination of the briefs and the statement of facts in that case (which we have reviewed) it is clear that the husband's interest in the retirement pension had fully vested, but payment of monthly benefits was deferred until he attained age 62. In other words, it was an estate already in existence from which future benefits may be derived, not a prospective expectancy of an estate. The distinction is critical.

Although we have categorized Mr. DeRevere's interest to receive future payment of accrued benefits as an expectancy, we cannot ignore the existing factual circumstance that his interest may fully vest within a reasonably brief period of time. Once the right to receive payments under a pension plan has fully vested, such future payments may be considered as a source of income which the court may consider in determining whether or not he is able to make alimony payments; *Heuchan v. Heuchan,* 38 Wn.2d 207, 228 P.2d 470, 22 A.L.R.2d 1410 (1951); even in the case of military pensions which are subject to contingencies set forth by federal statute; *Roach v. Roach,* 72 Wn.2d 144, 432 P.2d 579 (1967); *Mose v. Mose,* 4 Wn. App. 204, 480 P.2d 517 (1971). Similarly, when it appears that the right to receive payments may vest within a reasonably brief period of time, the amount of those payments may be considered by the court as a potential source of income with which to determine an ability to pay alimony. *Holland v. Holland,* 139 Wash. 424, 247 P. 455 (1926).

In the case at bar, Mrs. DeRevere was gainfully employed at the time of trial. However, we have been advised on oral argument that Mr. DeRevere specifically waives the right to claim that fact in opposition to any claim for alimony. In fact, it was his contention at trial, and also on appeal, that his potential retirement benefits can only be considered for alimony purposes.

We conclude, therefore, that the trial court had no authority to make final disposition of Mr. DeRevere's interest in this retirement plan, but could have considered such potential payments in determining his ability to make future alimony payments. Because the trial court did not consider retirement benefits in this light, we deem it more appropriate that the trial court, rather than this court, make such determination.

There remains only the issue presented by Mrs. DeRevere's brief, that the trial court did not award her sufficient attorney's fees with which to defend this appeal. She has not presented this issue by specific assignment of error. Not having been assigned as error, it is not properly before this court. Even if it were, we find no abuse of discretion.

Reversed and remanded.

PEARSON and ARMSTRONG, JJ., concur.

Petition for rehearing granted October 29, 1971.