[No. 32269. Department Two. March 12, 1953.]

RALPH P. MORSE, *Respondent*, v. LENA B. MORSE, *Appellant.*[1]

*James O. Arthur* and *Dudley N. Perrine,* for appellant.

*Greenwood & Shiers,* for respondent.

FINLEY, J.—This is an action for a divorce and for a division of the property of the parties. Commenced by the husband, it was based on the ground that the parties had lived separately and apart for more than five years. In answering, the wife sought and obtained an order from the court, directing the husband to pay her $150 as an allowance for temporary attorney's fees and costs. He was also ordered to pay the real-estate taxes, fire insurance, and fuel bills, in connection with the residence property of the parties occupied by the wife; also, the wife was awarded $85 as monthly support *pendente lite.*

When the case was tried, the husband was awarded the divorce and the following property:

A Mercury automobile (valued at $1,500);

[1]Reported in 254 P. (2d) 720.

Two business properties in Bremerton, Washington:

(a) The Crawford, Brown & Trovato Building (valued at $40,000, subject to a $9,500 mortgage; monthly rental income, $350);

(b) The Shelby Shoe Store Building (valued at $24,500; monthly rental income, $375).

In the findings of fact, the court noted that the husband was receiving a Navy pension in the sum of $263.75 per month.

The decree gave the wife $85 per month for her support, the residence property (valued at $8,000) where she lived, and another rental residence property (valued at $3,600, with a rental value of $55 per month), together with the furniture and furnishings of the two houses. The husband was ordered to pay the fuel bills and property taxes relative to the residence property occupied by the wife. He was ordered to keep in force a policy of life insurance on himself (face value $10,000, cash value $4,964.60, subject to a loan of $2,500), and to retain the wife as beneficiary. The husband was permitted to provide for alternate beneficiaries in the event the wife predeceased him. The trial court ordered that the obligations of the husband to pay the support money, the fuel bills, and the taxes, above mentioned, be made a lien against the Shelby Shoe Store Building. The sum of $300 was allowed the wife as additional attorney's fees and for costs relative to the proceedings in the trial court. Subsequently, the further sum of $250 was allowed her in connection with this appeal.

On appeal, the wife contends that the provision of $85 per month for her support, the award of the two residence properties, the payment of fuel bills and taxes, as indicated heretofore, and the provision regarding the life insurance policy, do not constitute a fair and equitable distribution of the property in so far as she is concerned. It is pointed out that the value of the two houses and the cash value of the insurance policy approximate only $13,540, as against the value of approximately $56,500 relative to the automobile and the business properties awarded to the husband. It is

further pointed out that his gross monthly income is approximately one thousand dollars—his net, approximately seven hundred dollars.

The husband, on the other hand, contends that, at the time the parties separated in 1935, their only property was approximately nine thousand dollars in bonds, and that an oral separation agreement and property settlement, including an arrangement for monthly support, was agreed upon. He contends that, under this agreement, the wife was paid seventy-five dollars a month, from 1935 to 1941, after which the monthly support paid to her was raised to eighty-five dollars; that since 1935, he has paid all fuel bills, taxes, and other incidental expenses of the wife. He argues that the wife was well satisfied with the arrangements made for her support and with the division of property provided for in the alleged oral property settlement agreement. He insists that the business properties should be his separate property, because they were acquired solely through his personal efforts and business acumen. It is further pointed out, in behalf of the husband, that he sired a family of four children outside the bonds of matrimony, and that he is under some moral, if not legal, obligation to support these children, now living with their unwed mother in the state of Washington, somewhere outside Kitsap county.

We are not in complete agreement with the contentions advanced by respondent husband. It seems to us that the trial court placed too much emphasis upon the moral obligation of the husband to support the four children, referred to above, and possibly placed too much significance upon the business efforts and acumen of the husband in acquiring and building up the property holdings, and at the same time discounted the rights of the wife and the assistance she rendered her husband in an economic or business way, by reason of her thrifty and frugal living over a considerable period of years, even though separated and apart from him.

We do not think it necessary to decide whether the business properties should be characterized as separate

property of the husband by reason of the alleged oral separa-
tion agreement and property settlement. All of the prop-
erty of the parties, separate or community, is before the
court for a just and equitable division in consideration of
the facts and circumstances relative to both parties to the
divorce action. *High v. High*, 41 Wn. (2d) 811, 252 P. (2d)
272; *Oestreich v. Oestreich*, 2 Wn. (2d) 72, 97 P. (2d) 655.

It seems to be admitted that the husband receives a
Navy pension of $263.75, monthly; also, monthly rental in-
come in the sum of $375 from one business property and
$350 from the other business property; or a total monthly
income of $988.75. The record shows he must make monthly
payments of $200 on a mortgage of approximately $9,500
against one of the business properties. At this rate, the
mortgage should be amortized in four or five years; but
meanwhile, it must be noted, the income of the husband
will be reduced by $200 per month. The record is silent as
to any expense of upkeep or maintenance, or insurance and
real-estate taxes relative to the two business properties.
However, there must be some such expenses, which would
further reduce the husband's net income. In any event, as
noted in appellant's brief, the respondent testified that his
1951 net income—ostensibly before payment of Federal
income tax—was $8,694.71 (an average of $724.56 per
month). Assuming that he is married—according to his
stated plans to legitimize his four children, mentioned here-
tofore—and that he can claim two exemptions for himself,
being over the age of sixty-five years, and five exemptions
for his wife and their four children, and estimating his 1952
net income to be the same as it was in 1951, $8,694.71, a
rough computation at current tax rates indicates that his
1952 income tax would be $824.25, thereby reducing his
estimated income of $724.56 per month to $655.87. Here-
after in this opinion, we require him to pay off a loan of
approximately $2,500 against the policy of insurance on his
life. If he has to borrow and amortize $2,500 over a period
of from two to five years, payments thereupon of $50 or $100
per month will further reduce his net monthly income to

a figure somewhere between $550 and $600, depending on the manner in which he finances and pays off the $2,500 loan.

It is our judgment that the decree of the trial court should be affirmed, except (a) that the provision for monthly support of the wife should be increased to $200 per month for a period of four years from the date remittitur issues herein; and after such period of four years should be increased to $250 per month; (b) that, in the interest of simplifying the arrangements, the husband should be relieved of the obligation to pay fuel bills, taxes, and insurance, as provided in the decree; (c) that any premiums due, and the loan against the life insurance policy should be paid in full, so that the wife will be absolutely assured of receiving the face value of the policy of $10,000, if the husband predeceases her; and (d) with an additional provision in the decree, that the trial court retain jurisdiction concerning the matter of the specific lien on certain business property awarded to the husband, in order that the lien subsequently may be revised by the court to provide continuing security for the wife, yet at the same time without unnecessary inconvenience to the husband in the handling of the business properties awarded to him.

The case is remanded, with instructions that the order dividing the property shall be revised in accordance with the views expressed herein. As hereby modified, the decree of the trial court is affirmed.

GRADY, C. J., SCHWELLENBACH, HAMLEY, and DONWORTH, JJ., concur.