Jeannette Ann **NEAGLE** (now Jeannette Ann Neagle McGee), Appellant (Defendant below),

v.

John Richard **NEAGLE**, Appellee (Plaintiff below).

John Richard **NEAGLE**, Appellant (Plaintiff below),

v.

Jeannette Ann **NEAGLE** (now Jeannette Ann Neagle McGee), Appellee (Defendant below).

Nos. 3897, 3900.

Supreme Court of Wyoming.

March 8, 1971.

mony payments and should have terminated when she remarried May 28, 1967.

The former wife, Jeannette Ann Neagle (now McGee), took the position that the questioned award of the original decree was a property settlement and not alimony; and that petitioner was in contempt for discontinuing payments September 2, 1969. The pertinent provision of the 1963 decree reads:

"IT IS FURTHER ORDERED that a property settlement be made in lieu of alimony and in accordance therewith the defendant be awarded the house located at 220 Derr Avenue, Cheyenne, Wyoming described as follows:—

Lot 6, Block 6, Leisher-Black Addition to the City of Cheyenne, Laramie County, Wyoming.

That the said property is hereby set over to the defendant, Jeannette Ann Neagle, as her sole and separate property and that the furniture located in said house is hereby awarded to and set over to the defendant; that the plaintiff pay to the defendant the sum of Seventy-five Dollars ($75.00) per month for a period of ten years and that said payments be made to the Clerk of the District Court commencing on the 3rd day of November, 1963."

The parties agree the trial judge, after a hearing, ruled from the bench that the award in question was a property settlement rather than alimony and that the husband would be required to continue the $75 monthly payments and make up his deficiency. Prior to entering judgment, however, our court handed down its decision in Storm v. Storm, Wyo., 470 P.2d 367. Apparently that decision was interpreted as necessitating a reversal of the ruling made from the bench.

Judgment was thereupon entered in accordance with and for the reasons stated in a memorandum of decision which recited:

"It was evidently the intention of the Court when the Neagle decree was entered to consider the $75.00 per month

---

· Edward T. Lazear and Richard F. Pickett, of Loomis, Lazear, Wilson & Pickett, Cheyenne, for Jeannette Ann Neagle McGee.

Edward P. Moriarity, of McClintock, Mai & Urbigkit, Cheyenne, for John Richard Neagle.

Before McINTYRE, C. J., and PARKER, and McEWAN, JJ.

Chief Justice McINTYRE delivered the opinion of the court.

On March 17, 1970, John Richard Neagle filed a petition in district court to modify a divorce decree entered in 1963. He alleged payments of $75 per month being made by him to his former wife were ali-

payment as a property settlement rather than alimony. From the testimony at the hearing June 12th and the other records it is apparent that all of the property owned by the Neagles on the date the divorce action was heard was set over to Mrs. Neagle. The Storm case indicates that it is improper to base a property division on property to be acquired after the date of the divorce. Since there was no other property to be divided the $75.00 as property settlement necessarily was a charge on future earnings and was improper under the Storm opinion and must, therefore, be considered to be alimony as a matter of law. This being true the alimony payments would cease upon the remarriage or death of Mrs. Neagle.

"Payments made by Neagle after the remarriage will not be ordered to be refunded nor will payments he stopped making prior to the filing of his motion be ordered to be paid up to the date of this hearing.

"The Court will reverse the decision made at the time of the hearing and will grant plaintiff's motion that payments from and after September 2, 1969 be not required."

Both parties have appealed—Mrs. McGee because payments after September 2, 1969, were forgiven; and Mr. Neagle because Mrs. McGee was not required to pay back $1,950 which had been paid after her remarriage.

In recognition of the difficult position trial judges are in when it comes to making just and equitable settlements between parties being divorced, we want to say this court realizes the line of demarcation between what comes under the category of a property settlement or what should be considered alimony is far from clear. Indeed, there are differences of opinion among the members of this court.

Before a decision is arrived at in a case like the *Storm* case, or like Warren v. Warren, Wyo., 361 P.2d 525, it sometimes requires a reconciling of varying points of view. Similarly, such has been necessary in this case. Admittedly the answer is not easy. However, we believe the solution to issues presented in this controversy is found in § 20–63, W.S.1957.

We find nothing in the record now before us to indicate the award of $75 per month for ten years was based on any specific property, as was the case in *Storm*. On the other hand, such an award as was made appears to be authorized by the provisions of § 20–63.

It will, we think, be apparent why we say this when we examine the provisions of that section in three parts:

*First,* in granting a divorce, the court is required to make such disposition of the *property* of the parties as shall appear just and equitable.

*Second,* the court is authorized to decree to the wife reasonable *alimony* out of the estate of the husband, "having regard for his ability".

*Third,* to effectuate the purposes aforesaid, the court may order so much of the husband's real estate or the rents and profits thereof as is necessary to be assigned and set out to the wife for life, "or may decree a specific sum to be paid by him to her".

It is to be observed, according to the second part of the section, that although alimony is out of the estate of the husband it is based on his "ability". According to the third part, the court—to effectuate the purposes aforesaid—may (1) order a portion of the husband's real estate or rents and profits set over to the wife; or (2) it may decree a specific sum to be paid.

Thus, it actually becomes immaterial, when the court decrees a specific sum to be paid by the husband to the wife, whether it be classified as a property settlement or alimony. It is a "specific sum". In order to be just and equitable, it would have to be based on the husband's ability and the wife's apparent need at the time of the divorce.

When the husband's ability was considered in this instance, the court permitted

the amount decreed to be paid monthly. However, $75 per month for ten years makes a specific sum—$9,000. For purposes of this case, we will consider it as such.

We therefore, hold the original decree in this case obligated the husband to pay the wife $75 per month for ten years, regardless of her remarriage; and as we have previously indicated, authority for making such an award is contained in § 20–63.

We are going to remand the case for further proceedings not inconsistent with this opinion. In doing so, we leave to the district court the ultimate decision on issues presented in the petition for modification, as long as such decision is not inconsistent with this opinion.

Remanded for further proceedings not inconsistent with this opinion.

GRAY, J., not participating.

PARKER, Justice (concurring):

The trial court was correct in its ruling from the bench as reported by counsel that the award at the time of the divorce was a property settlement rather than alimony and that the husband would be required to continue the seventy-five dollar monthly payments specified in the decree and to make up any deficiency. Several factors convince me of the equity in such an interpretation:

1. The allegations in the affirmative defense and counterclaim of the wife in combination with the court's granting the divorce to her on her counterclaim indicated the merit of her charges against the plaintiff.

2. The court's letter in the file written after the hearing on the petition to modify, stating "It was evidently the intention of the Court when the Neagle decree was entered to consider the $75.00 per month payment as a property settlement rather than alimony," is controlling and should be given especial weight since the same judge presided in both the original and supplemental proceedings.

3. The words "in lieu of" by universal interpretation mean "instead of," "in place of," or "in substitution for" and certainly when so used in this instance cannot mean any intention that the decree was one for alimony.