Jeannette Ann NEAGLE (now Jeannette Ann Neagle McGee), Appellant (Defendant below),

v.

John Richard NEAGLE, Appellee (Plaintiff below).

John Richard NEAGLE, Appellant (Plaintiff below),

v.

Jeannette Ann NEAGLE (now Jeannette Ann Neagle McGee), Appellee (Defendant below).

Nos. 3897, 3900.

Supreme Court of Wyoming.

Oct. 6, 1971.

Edward T. Lazear and Richard F. Pickett of Loomis, Lazear, Wilson & Pickett, Cheyenne, for Jeannette Ann Neagle McGee.

Edward P. Moriarity of McClintock, Mai & Urbigkit, Cheyenne, for John Richard Neagle.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

ON PETITION FOR REHEARING

Chief Justice McINTYRE delivered the opinion of the court.

The original opinion in this case is reported as Neagle v. Neagle, Wyo., 481 P. 2d 661. Mr. Justice Gray did not participate in that decision. On the petition of John Richard Neagle, a rehearing was granted. The order therefor specified all members of the court would participate in the rehearing; and the court would be interested in considering whether the judgment which was finally entered by the district court for modification of the original divorce decree should be affirmed without change.

It is settled law in this jurisdiction that findings, rulings and preliminary decisions of a district judge are subject to revision and change at any time before entry of a final judgment in the district court. Thus our inquiry in connection with our original decision should have been whether, after a finding of changed circumstances sufficient to warrant a modification of the divorce decree, the district court made a just and equitable readjustment of property and money payment matters.

We think it did and our decision should have been for affirmance of the judgment of modification. Of course counsel for Mrs. Neagle would like for her to continue receiving $75 per month from her former husband until she got $75 per month for

ten years. And counsel for Mr. Neagle would like for him to have a refund from his former wife for all payments he made after her remarriage. Neither party argues the matter very strongly, however; and neither has shown us a persuasive reason for believing a just and equitable modification was not made by the district court.

The original opinion indicates the trial judge, at the hearing on modification, first announced a decision from the bench and later entered a judgment which was different. He indicated his change of mind resulted from our decision in Storm v. Storm, Wyo., 470 P.2d 367. However, we think the *Storm* case has no application to the circumstances of this case.

Also, we have been given reason to believe the indication in our original opinion that awards may be of three categories—property settlement; alimony; or for a specific sum—may be misleading. Inasmuch as the modification judgment of the district court did not make such a classification and we are now affirming the district court's modification, our reference in the original opinion to a classification other than the classifications of property settlement and alimony should be disregarded.

The judgment of the district court which modified its original divorce decree is affirmed.

PARKER, Justice (dissenting).

For reasons outlined in my special concurrence of the original case, I adhere to the view that the trial court was correct in its ruling from the bench as reported by counsel that the award at the time of divorce was a property settlement rather than alimony and that the husband should be required to continue the seventy-five dollar monthly payments specified in the decree and make up any deficiencies. Because of the indefiniteness of this court's former opinion, which I concluded would permit the trial court's reinstatement of its original . holding as announced from the bench, I did not then dissent. Now, however, the majority has affirmed the modifi-

cation which the trial court had entered because of its mistaken idea that Storm v. Storm, Wyo., 470 P.2d 367, prevented it from carrying out the initial ruling.

I would remand for further consideration after making clear that the Storm case does not control.