James L. BRICKER, Appellant
(Defendant),

v.

Carol J. BRICKER, Appellee (Plaintiff).

No. 93–200.

Supreme Court of Wyoming.

July 13, 1994.

John W. Davis of Davis, Donnell, Worrall & Bancroft, P.C., Worland, for appellant.

Kent A. Richins, Worland, for appellee.

Before GOLDEN, C.J., and THOMAS, CARDINE,\* MACY,\*\* and TAYLOR, JJ.

TAYLOR, Justice.

In this appeal from a divorce and property settlement proceeding, the former husband seeks to reverse the property distribution made by the district court. The former husband contends that the district court abused its discretion by distributing property which no longer exists. The former husband also contends that the district court improperly based its judgment upon speculation.

We affirm.

## I. ISSUES

Appellant states two issues:

I. Did the district court abuse its discretion when, after distributing the existing property of the parties, it distributed property which no longer existed?

II. The district court committed reversible error by producing a property distribution based upon speculation.

Appellee restates the issues and brings before this court a third contention:

1. Did the district court abuse its discretion in its distribution of property to the parties?

2. Did the district court distribute property based upon speculation, and if so, did the district court commit reversible error?

3. Was there reasonable cause for the defendant/appellant to file an appeal in this case, and if not, should costs and penalties be awarded to the plaintiff/appellee pursuant to Rule 10.05, W.R.A.P.?

## II. FACTS

Appellant, James L. Bricker (James), and appellee, Carol J. Bricker (Carol), were married on February 24, 1978. After a contested proceeding, a Judgment and Decree of Divorce was entered on July 21, 1993. At issue in the property distribution phase of the proceeding was the parties' numerous real property acquisitions, renovations and transfers prior to and during the marriage.

Carol and James met in Pennsylvania in 1970. James moved to Wyoming in 1971. In November, 1975, Carol and her three daughters came to Wyoming to join James and to help him run his newly acquired lodge which was located six miles east of Ten Sleep, Wyoming. Together, Carol and James renovated the property known as Canyon Lodge.

Canyon Lodge, which included a restaurant and eight motel units, opened for business in April, 1976. For over a year, Carol's duties at Canyon Lodge included cooking, cleaning and performing various maintenance functions. Before Carol and James sold Canyon Lodge, Carol had moved to the community of Ten Sleep and found another job in nearby Worland. The warranty deed transferring the property identified the grantors as James L. Bricker and Carol Bricker, husband and wife.

In August, 1977, James bought the Beckett property, a house situated on two lots in Ten Sleep. Carol and James spent evenings and weekends improving the Beckett property. After Carol and James were married, they rented a home in Ten Sleep and continued to make improvements on the Beckett property. The Beckett property was sold in November, 1980.

---

\* Retired July 5, 1994.

\*\* Chief Justice at time of oral argument.

In April, 1980, James purchased the Daniels Ranch, located twenty-two miles south of Ten Sleep. The warranty deed transferring the property identified the grantee as James L. Bricker without indication that the property would be held as his separate property. Carol and James moved from Ten Sleep to the Daniels Ranch in August, 1980. James continued to work for Washakie County and at a contracting business. Carol quit her job in Worland and spent her days at the ranch.

After nearly four years of living at the ranch, Carol and her daughters left and moved back to Ten Sleep. James remained at the ranch until the ranch home and all its contents were destroyed by a 1985 fire. The fire loss was partially indemnified by insurance except for an unclaimable amount because James chose not to replace the ranch home. After the fire, James joined Carol in Ten Sleep. The Daniels Ranch was sold in 1986. The warranty deed transferring the property identified the grantors as James Bricker and Carol Bricker, husband and wife.

In September, 1983, James bought the Mills property where he operated his contracting business. The warranty deed transferring the property identified the grantee as James L. Bricker without indication that the property would be held as his separate property. This property was the only real property James owned at the time of the divorce proceeding. The parties stipulated that the Mills property, including the shop building, was valued at $55,000.00. James had numerous tools and equipment, some of which he brought into the marriage and others which he acquired during the marriage. Carol's sole participation in James' contracting business was to annually post all profits, losses and expenditures.

In 1967, before she met James, Carol and her two brothers purchased a sixty-five acre farm in Pennsylvania for $23,000.00. The farm property remained intact until 1992, when one acre was sold to Carol's nephew for $7,500.00. Carol received one third, or $2,500.00, of the proceeds from that sale. During the divorce proceeding, Carol's brother, who lives near the farm, testified that he thought the property was worth approximately $65,000.00. The only current income

from the farm is $300.00 per month rent for a house located on the farm. James visited the Pennsylvania property once before he moved to Wyoming and had no further involvement with any aspect of the farm.

After hearing testimony at the divorce proceeding regarding the parties' real and personal property, the district court made the following findings of fact pertinent to the distribution of property:

4. That the Plaintiff brought into the marriage the Pennsylvania property which has appreciated substantially.

5. That the value of the Defendant's tools and equipment which he brought into the marriage was $7,600.00.

6. That the value of the Defendant's tools, equipment and machinery is $35,000.00.

7. That the profit from the sale of the Canyon Lodge was $14,879.00.

8. That the profit on the sale of the Beckett house was $20,000.00.

9. That the profit from the sale of the Daniel's place, including the insurance, was $26,000.00.

10. That the value of the guns acquired by the Defendant during the course of the marriage is $2,200.00.

11. That the Plaintiff worked alongside with and improved many of the properties acquired by the Defendant during the course of the marriage.

The district court concluded:

[T]he Defendant shall pay to Plaintiff the sum of $42,600.00 which shall include $5,000.00 for the gain on the Canyon Lodge property, the sum of $10,000.00 profit on the Beckett property, the sum of $10,000.00 profit on the Daniels Ranch property, the sum of $15,000 on the Defendant's shop building, $1,100.00 on the guns and $1,500.00 on the sale of the Ford pickup.

It is from this judgment and decree that James appeals.

## III. DISCUSSION

■  Upon dissolution of a marriage in Wyoming, the district court must provide for

a just and equitable division of the property of the parties. Wyo.Stat. § 20–2–114 (1987). Property settlements present complex problems. *Kennedy v. Kennedy*, 456 P.2d 243, 247 (Wyo.1964). The district court must assess the respective merits and needs of the parties and, therefore, a property distribution ruling will not be disturbed on appeal except on clear grounds of abuse of discretion. *Neuman v. Neuman*, 842 P.2d 575, 578 (Wyo.1992); *Paul v. Paul*, 616 P.2d 707, 714 (Wyo.1980). "Abuse of discretion occurs when a court exceeds the bounds of reason or commits an error of law." *Combs v. Sherry–Combs*, 865 P.2d 50, 55 (Wyo.1993).

Wyo.Stat. § 20–2–114 governs distribution of rights, obligations and property in divorce proceedings:

> In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children.

■ James asks this court to review the district court's distribution of "profits" from the sale of three properties he owned during the course of the marriage to Carol. The three properties are the Canyon Lodge, the Beckett property, and the Daniels ranch. James contends that while the properties were sold during the marriage, the "profits" from those sales no longer exist.

James maintains that the district court cannot distribute properties which no longer exist, and points to our decision in *Storm v. Storm*, 470 P.2d 367 (Wyo.1970) to back his assertion. In *Storm*, we held that it was improper for a trial judge to award a spouse a mere expectancy of property; in that case, an unrealized inheritance. *Id.* at 370–71. Unlike *Storm*, the issue here does not involve distribution of an unrealized inheritance or any type of future interest. Rather, the district court made a finding of fact of the monetary value of the profit or gain from the sale of three specific properties; properties sold during the marriage and to properties

which Carol contributed a great deal of her time and energy in improving.

■ Property distribution depends upon the circumstances of each case. *Biggerstaff v. Biggerstaff*, 443 P.2d 524, 526 (Wyo.1968). As a part of this property distribution, the district court ordered James to pay Carol $42,600.00, which included Carol's share of the realized profits from the sale of marital property. We hold that the district court did not abuse its discretion in awarding these profits attributable to the sale of specific properties which Carol helped improve.

■ James also argues that the district court erred by basing the property distribution upon speculation or theoretical estimates of value. James claims that Carol not only failed to establish a value for the improvements she made on any of the Wyoming properties, she also failed to show any link between her efforts and the ultimate profits gleaned from the sale of those properties.

In *Karns v. Karns*, 511 P.2d 955, 957 (Wyo.1973), this court affirmed a monetary award to the wife based on her involvement with the operation of a motel her husband owned prior to the marriage. In *Karns*, no showing was made of the value of the motel at the time of the marriage. *Id.* at 956–57. We recognized that the "wife, through her energy, made a substantial and direct contribution to the accumulation of the wealth of the parties." *Id.* at 957.

The district court made specific findings of fact of the amount of profit earned from the sale of the Canyon Lodge, the Beckett property and the Daniels Ranch. The evidence presented clearly disclosed that Carol made a "substantial and direct contribution" to the improvements in each of these properties that occurred during the course of the marriage. Therefore, we hold that the district court did not speculate in establishing the realized profits from these sales.

James then argues that Carol failed to establish an actual value for the Pennsylvania farm. Therefore, he contends the district court's distribution of property must be reversed.

There is a need for sufficient evidence to support a district court's distribution of property. *See Klatt v. Klatt,* 654 P.2d 733, 737 (Wyo.1982); *Hendrickson v. Hendrickson,* 583 P.2d 1265, 1268 (Wyo.1978); and *Barbour v. Barbour,* 518 P.2d 12, 15 (Wyo.1974). We noted in *Klatt,* where the value of the parties' business property was questioned, that even though an appraisal "may" have been helpful, it was not absolutely necessary. *Klatt,* 654 P.2d at 737. A district court may distribute certain marital property without ascertaining its value if, within the context of the entire estate, such an award is not an abuse of discretion. *See* 24 Am.Jur.2d, *Divorce and Separation* § 937 (1983). A property settlement " 'needs to be judged on an overall basis and not necessarily on the basis of separate parts.' " *Klatt,* 654 P.2d at 735 (*quoting Paul,* 616 P.2d at 712). *See also Piper v. Piper,* 487 P.2d 1062, 1065 (Wyo.1971).

The district court did not abuse its discretion in determining that the Pennsylvania farm was Carol's separate property. The record discloses that James made absolutely no contribution, by way of capital or effort, to the appreciation of that property. Carol did not invest any of her marital time or energies to increasing the value of the Pennsylvania farm. *See Biggerstaff,* 443 P.2d at 527 and *Crawford v. Crawford,* 63 Wyo. 1, 176 P.2d 792, 795 (1947). The district court heard sufficient testimony with an aggressive cross-examination regarding the potential value of the farm. The district court found that the property had appreciated in value; however, the district court ruled that the Pennsylvania farm was Carol's sole and separate property.

Carol has asked this court to certify, pursuant to W.R.A.P. 10.05, that there was no reasonable cause for James' appeal and to consequently tax him a reasonable attorney's fee as part of the costs of this case.

W.R.A.P. 10.05, in pertinent part, states:

If the judgment or appealable order is affirmed in a civil case, appellee shall recover the cost for publication of the brief with the cost to be computed at the rate allowed by law for making the transcript of the evidence. If the court certifies there was no reasonable cause for the appeal, a reasonable fee to be fixed by the appellate court shall also be taxed as part of the costs in the case.

Carol asserts that since, in her opinion, the district court did not abuse its discretion, there was no reasonable cause for James to file his appeal. We agree that the district court did not abuse its discretion distributing the property of the parties, but " '[e]ven reasonable minds differ on relative matters.' " *Bacon v. Carey Co.,* 669 P.2d 533, 536 (Wyo. 1983) (quoting *Reno Livestock Corp. v. Sun Oil Co. (Delaware),* 638 P.2d 147, 155–56 (Wyo.1981)). Abuse of discretion questions arise in innumerable situations; thus, "standards for review of discretionary exercise cannot readily be reduced to black-letter principles." *Bacon,* 669 P.2d at 536. *See also Matter of Adoption of GSD,* 716 P.2d 984, 990 (Wyo.1986) and *James S. Jackson Co., Inc. v. Meyer,* 677 P.2d 835, 839 (Wyo. 1984).

We hold that James had reasonable cause for his appeal and, therefore, deny Carol's request for costs.

## IV. CONCLUSION

A district court's exercise of discretion inherently leads to a variance in settlements. Neither statute nor precedent in marriage dissolution cases requires an equal division of property. This court has noted many times that "a just and equitable division is as likely as not to be unequal." *Piper,* 487 P.2d at 1064 (*citing Young v. Young,* 472 P.2d 784, 785 (Wyo.1970) and *Lovejoy v. Lovejoy,* 36 Wyo. 379, 256 P. 76, 79 (1927)). There was no abuse of discretion by the district court in its distribution of the property of the parties.

Affirmed.