Joyce Elaine ANDERSON,
Appellant (Plaintiff),

v.

Terry Dean ANDERSON, Appellee
(Defendant).

No. 96–210.

Supreme Court of Wyoming.

Dec. 15, 1997.

Richard C. Slater of Bayless, Slater & Macy, P.C., Cheyenne, for Appellant.

James A. Eddington of Jones & Eddington Law Offices, Torrington, for Appellee.

Before TAYLOR, C.J., and THOMAS, GOLDEN and LEHMAN, JJ., and GRANT, District Judge.

TAYLOR, Chief Justice.

"Love's labour's lost" when Joyce Elaine Anderson (Joyce) filed for divorce from Terry Dean Anderson (Terry) approximately thirty-eight days after they were married. Joyce asserts that the district court failed to equitably dispose of Anderson Carpet Care's assets and profits as required by Wyo. Stat. § 20–2–114 (1997). We will affirm.

## I. ISSUES

Joyce states her issue as follows:

The District Court abused its discretion when it failed to provide for disposition of business assets and profits between the parties.

Terry states a similar issue:

1. Did the trial court abuse its discretion in its division of assets and liabilities to the parties?

## II. FACTS

The Andersons were married on July 21, 1995 and separated on August 13, 1995, a scant twenty-three days after the nuptials. Two weeks after that, Joyce filed for divorce. At trial, on June 20, 1996, evidence was submitted concerning Terry's carpet care business and the limited extent of Joyce's involvement with that enterprise. Perhaps the most noteworthy aspect of that business was the extent of its indebtedness, primarily to a local bank and Terry's parents. Joyce's efforts to portray the business as a thriving partnership were unavailing, as the district court ruled she had failed to show existence of a partnership, let alone a profitable one.

Joyce prosecutes this appeal from the divorce decree awarding the carpet care business' assets and liabilities, in toto, to Terry.

## III. STANDARD OF REVIEW

Wyo. Stat. § 20–2–114 provides, in pertinent part:

In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children.

Distribution of marital property is within the sound discretion of the trial court and will not be disturbed absent manifest abuse of that discretion. *Neuman v. Neuman,* 842 P.2d 575, 578 (Wyo.1992). We will not reconsider factual questions where a sufficient basis for the trial court's decision can be identified. Our quest for that sufficiency invokes that familiar standard which favors the evidence presented by the prevailing party, discounting conflicting evidence of the unsuccessful party, while affording the successful party the benefit of every reasonable inference which may be drawn from the record. *Kennedy v. Kennedy,* 761 P.2d 995, 998 (Wyo.1988). Finally, facial symmetry is not the litmus test for whether an equitable distribution of property has been decreed, paradoxically producing the clear likelihood that an equitable distribution will leave the parties with unequal pieces of the domestic pie. *Blanchard v. Blanchard,* 770 P.2d 227, 229 (Wyo.1989).

## IV. ANALYSIS

Assessment of Joyce's claim that the district court failed to equitably divide the assets and proceeds of the carpet cleaning business is made problematic by the failure of *either* party to present evidence concerning the value of the business or its profitability. Without contradiction, however, Terry was shown to have invested $17,000.00 of his own money in the business while personally

borrowing another $6,000.00 which was poured into the business. Against the impact of those investments on the district court's thinking, Joyce could only offer the general observation that she played an "active role" in the business. An abject failure to further qualify or quantify the extent of her activities leads us to question the value of that role, no matter how active, when Joyce played the part for only twenty-three days.

Our appellate chore is somewhat complicated by the district court's decision to incorporate Terry's exhibits in division of the couple's property as well as assignment of indebtedness. One exhibit provides for Terry to have "[a]ll personal property acquired prior to the marriage and all personal property not specifically set over to plaintiff," while another burdens Terry with all debts except those which Joyce had incurred since separation. Expressly listed among those debts was $6,200.00 incurred by the business. Although such a business is not normally thought of as "personal property," Terry's assumption of the business debts requires the inference, in the absence of any evidence to the contrary, that Terry's business was considered personal property for purposes of the divorce decree and awarded to Terry.

The district court correctly assigned to Joyce the burden of proving her contributions as well as establishing the net value of the business. No abuse of discretion can be found in awarding to Terry all that property which he brought to the brief union of the parties. *Paul v. Paul*, 616 P.2d 707, 713 (Wyo.1980).

Asserting that Joyce had no reasonable cause for this appeal, Terry requests costs and damages pursuant to W.R.A.P. 10.05. We have recognized, however, the difficulty associated with appellate review of discretionary rulings which, by their very definition, carry considerable margins for variation:

> We agree that the district court did not abuse its discretion distributing the property of the parties, but " '[e]ven reasonable minds differ on relative matters.' " *Bacon v. Carey Co.*, 669 P.2d 533, 536 (Wyo.1983) (quoting *Reno Livestock Corp. v. Sun Oil*

*Co. (Delaware)*, 638 P.2d 147, 155–56 (Wyo.1981).

*Bricker v. Bricker*, 877 P.2d 747, 751 (Wyo. 1994).

The district court's ruling in the instant case was reviewable under an abuse of discretion standard. Incorporation of exhibits led to a final divorce decree which "pushed the envelope" of clarity and brevity with respect to division of the carpet care business' assets and profits, leaving Joyce with a reasonable basis upon which to prosecute this appeal. We must, therefore, deny Terry's request for damages and costs other than the costs associated with reproduction of his brief.

## V. CONCLUSION

While this divorce decree suffered from the inclusion, by reference, of trial exhibits which were, themselves, less than models of clarity, there remains no question that the district court disposed of the assets and profits of Anderson Carpet Care in an equitable manner pursuant to the mandate of Wyo. Stat. § 20–2–114. The district court did not abuse its discretion, and the resultant divorce decree is affirmed.