H. P. LOGAN, PLAINTIFF IN ERROR, v. J. E. CHILDS, DEFENDANT IN ERROR.

1. Our power to review by the writ of Habeas Corpus convictions in a municipal court is restricted; where its findings show a violation of an ordinance and the sentence is within its penalty, further findings may be rejected.

2. The denunciation by statute of certain uses of the contents of cess-pools, does not inhibit to municipalities the adoption of cess-pools as a part of its system of sanitation.

3.  The court does not know judicially that a municipal ordinance providing for cess-pools in its system of sanitation is oppressive or unreasonable.

4.  Inferential and consequential damage to private property arising out of health laws does not violate the Federal constitution.

### ON PETITION FOR RE-HEARING.

1.  Article XV, Sec. 3 of the Constitution, conferring "supervision" of matters of public health upon the State Board, subject to legislative control, has no application when it is shown the Board declines to interfere with a municipal ordinance.

2.  A board and its officer not being parties to a record, the court should not undertake to define the officer's powers.

This case was decided by Division A.

Writ of Error to the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the Court.

*H. K. Oliphant,* for Plaintiff in Error.

*Wilson & Boswell,* for Defendant in Error.

COCKRELL, J.  In his petition for a habeas corpus, H. P. Logan alleged that he was under unlawful arrest and imprisonment by J. E. Childs, the Marshal of Bartow, Florida, under a charge in the Mayor's Court "of not removing or tearing down a closet or closets of his, the petitioner, in Block 10, of said city; that said petitioner has violated no law and said acts of said Mayor are void; any ordinance of said city, if there be such, requiring the

petitioner to tear down or move his closet is void and unconstitutional." The writ was issued by a Court Commissioner upon this petition returnable before the Circuit Judge. The Marshal's return set forth the proceedings of the Mayor's Court, showing the conviction of the petitioner "of owning and maintaining a closet and refusing to remove the same from his property, but that the defendant does not use the closet," and fining him one hundred dollars and costs with the alternative penalty that he be put to labor on the streets or other public works of the city for the term of sixty days. The ordinance violated is entitled "An ordinance for the preservation of the health of the city of Bartow and its inhabitants and providing for the locating, making and construction of cess-pools, and requiring all water closets and privies in blocks where cess-pools shall be located to be connected therewith and providing a penalty for the violation of the provision of the same." The first section provides for the location of cess-pools. The second requires all closets in blocks where cess-pools are located to be flush closets and connected in scientific and sanitary manner with said cross-pools, under supervision and declares it unlawful for any person "to own, use or maintain any open water closet or privy in said block" under penalty of a fine not exceeding one hundred dollars or by imprisonment in the city jail not to exceed ninety days or by both fine and imprisonment at the discretion of the Mayor. The third section makes it the duty of the Mayor to notify those using, maintaining or owning open water closets or privies in said block to immediately discontinue the use of and remove the same and upon failure and refusal to comply with the notice for thirty days to issue his warrant and have them brought before him to be dealt with in accordance with the ordinance. The fourth

and last section merely puts the ordinance in force upon approval.

Upon this return the petitioner moved for his discharge alleging the invalidity of the ordinance upon the grounds that it is in conflict with Chapter 4346, Acts of 1895, that it deprives him of liberty and property without due process of law, and that it is oppressive and unreasonable.

The motion was denied and the petitioner remanded to the custody of the Marshal, but a writ of error was allowed which has been made returnable April 2, 1906.

This is not an appeal *de novo* nor a writ of error to the judgment of the Mayor's Court; all *appealable* matters merely are finally adjudged in the Circuit Court, which has jurisdiction over such when properly invoked. This restriction or limitation upon our jurisdiction renders unnecessary a discussion of some of the propositions advanced in the brief filed for the plaintiff in error.

Under the ordinance the Mayor's Court was authorized to impose the penalty that was imposed for its violation by one who should *own or* use *or* maintain an open water closet, and there is a specific finding that the petitioner did own and maintain a closet and the farther finding that he does not use the closet and refuses to remove the same from his property, may on this hearing at least be rejected as surplusage.

We find nothing in section 2 of Chapter 4346 of the laws of 1895 in conflict with the ordinance, nor in the general supervision and duties therein cast upon the State Health Officer. There is much in that statute that is difficult if not impossible of comprehension, but if it be that the legislature could and has therein conferred upon the Health Officer power to override municipal ordinances upon matters relating to the health of its citi-

zens, it has not undertaken to take away all the power theretofore conferred upon municipalities found in section 677 of the Revised Statutes, unless and except and until the said officer shall ratify and approve what may be done by them. Section 2 of the act does not declare cess-pools "sanitary nuisances," but only denounces the "contents" thereof together with filth, offal, garbage, foul water, dye water, urine, stable manure and other offensive substance detrimental to health, which are thrown, placed or allowed to remain upon private premises, streets, avenues, alleys, side walks, gutters, public reser vation or open lots within any city, town or village. Upon the face of the ordinance there is no positive showing of a violation of this statute.

There is an entire absence of proof by way of expert testimony or otherwise—should such testimony be admissible in this proceeding—to show the ordinance offensive and unreasonable and as our judicial knowledge upon the question of sanitation, as to which those learned in such matters differ, is necessarily limited, we do not feel disposed to interpose our opinion as against that of those who are by law entrusted therewith.

The federal question sought to be raised is, to our minds, conclusively answered in the negative by the Supreme Court of the United States in the recent case of California Reduction Co. v. Sanitary Reduction Works of San Francisco, 199 U. S. 306, 26 Sup. Ct. Rep. 100. The injury to property is incidental and consequential and such as all citizens may be made to suffer in the interests of the public health. The reasoning of the case cited is conclusive upon several of the points raised here and we are content without further discussion, to rest

17 S. C.

upon arguments there used by Mr. Justice HARLAN who pronounced the opinion for that court.

The judgment is affirmed at the cost of the plaintiff in error.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.