## LOVEJOY v. LOVEJOY
(No. 1264; May 15, 1928; 267 Pac. 91)

See former opinion, 36 Wyo. 379, 256 Pac. 76.

*M. A. Kline,* for appellant.

*P. W. Spaulding,* for respondent.

*Per Curiam:*

This case was decided some time ago, and the judgment of the lower court was modified and affirmed. A few days subsequent to the decision herein, the appellant died. Within the time provided by our rules the respondent filed a petition for rehearing, and he has now filed a motion that the heirs of the decedent and the administrator of her estate be substituted as parties herein, asking that this court make an order for service by publication upon the heirs who are non-residents of the State of Wyoming, inasmuch as no consent for substitution has been given. This motion has apparently been made upon the assumption that the provisions of Sections 5747 to 5763, Wyo. Comp. Stat, 1920, providing for revival of actions, apply in this case. If there were to be any further hearing herein we might feel disposed to grant the motion, in order that the heirs of the decedent and the administrator of her estate might be properly represented here. We have, however, given the petition for a rehearing careful consideration and have come to the conclusion that no good reason exists why we should disturb our former opinion, and that the petition for a rehearing should be denied. In view of this fact, we see no good reason for having substitution of parties made herein, or cause the respondent to incur the expense of publishing notice, as requested. Courts do not seem to be agreed as to the procedure to be taken in case of the death of a party in a case pending in an appellate court. In 1 C. J. 169, it is said that it is the common practice in such cases for the appellate court to affirm or reverse the judgment *nunc pro tunc.* According to 3 C. J. 1022 and 1023, some of the courts require a substitution of parties but other courts hold that no substitution is necessary. In the case of Twohee v. Burnside, 40 S. D. 579, 168 N. W. 742, the

court held substitution of a deceased party in the case to be unnecessary, saying in part as follows:

"Thus the first matter for our consideration and determination is this question of the jurisdiction of this court to dispose of and the propriety of this court in disposing of the appeal before any substitution of parties respondent shall have been made. It is clear that statutes relating to abatement of causes of action have no application to the facts presented here. The cause of action is merged in the order of the trial court. That being the situation, and this cause having been submitted to this court upon written brief prior to the death of respondent, there not only rests full and complete jurisdiction to determine the validity of such order, but in view of the nature of this action  *  *  * we deem it highly proper and in the interests of the public welfare that we proceed to determine the merits of this appeal."

In the case of Mugee v. Jackson, 51 Fla. 235, it was held that when a cause is pending in the appellate court and has been submitted on the briefs of the parties and oral argument is asked for, the fact that one of the parties died after such submission on briefs does not require a revival of the cause, that is to say, substitution for the party deceased, in order that the appellate court may have full authority to render its decision in the cause.

In the case of Poff v. Poff, 128 Va. 62, 104 S. E. 719, the point herein involved was discussed at some length, and the court held that if a party to an appeal dies subsequent to the time that the case is pending on appeal, it is in the discretion of the appellate court to have substitution made for the party deceased or to proceed to determination and decision in the case without reference thereto. In the case of Danforth v. Danforth, 111 Ill. 236, it is held that where a party to an appeal dies after the cause has been submitted the appellate court may render a decision in the case without substitution of parties and that such decision is at most irregular. In Wooton v. Jones, (Tex. Civ. App.) 286 S. W. 680, the court seems to hold that the statutes for re-

vivor of actions applicable to suits pending in the trial court are not applicable to actions upon the appeal.

We do not determine what should be the rule in ordinary cases, if a party to an appeal dies prior to a decision. We feel satisfied, however, that no substitution of parties is necessary to be made in the instant case. Twaddle v. Winters, 29 Nev. 88, 85 Pac. 280, 89 Pac. 289, is exactly in point. The court in that case, on rehearing, found the situation to be substantially the same as in the case at bar. The original decision on appeal had been rendered prior to the death of the party. The court concluded that it was not justified in disturbing the original opinion, and further held that inasmuch as the rights of the parties would be left exactly as adjudicated before the death of the decedent, no substitution for the latter was necessary.

It is accordingly ordered that the petition for a rehearing and the motion for substitution of parties be denied.