**Paul KIPP, Appellant (Plaintiff below),**

v.

**Thomas AGEE, Rose K. Agee, H. W. Mullendore, and Francis Mullendore, Appellees (Defendants below).**

**No. 3709.**

Supreme Court of Wyoming.

Sept. 23, 1969.

ently refused to decide matters not first decided by the trial court from which appeal is taken. Logan v. Stannard, Wyo., 439 P.2d 24, 27.

Rehearing denied.

David Norman Burns, Jackson, for appellant.

Ted C. Frome, Afton, for appellees.

ON REQUEST FOR REHEARING

PER CURIAM.

Appellant has filed a single copy of an instrument entitled "Motion For a Rehearing." Rule 14(a), Wyoming Supreme Court Rules, requires that an application for rehearing shall be by "petition," with an original and four copies.

Aside from appellant's deficiencies in applying for rehearing, the application for such rehearing is predicated on a request for "clarification." Appellant claims the "judgment" of the supreme court did not direct itself to appellant's request to be allowed to redeem his property and to pay the judgment of the district court.

The district court judgment made it entirely clear what plaintiff needed to do to redeem. On appeal, the only matter before us was whether the judgment of the district court was in any manner erroneous. We found it was not and affirmed the judgment as entered by the district court, Wyo., 457 P.2d 673. Subsequent rights of the parties were not before us on appeal.

The effect of a supersedeas bond, if any, and what rights the parties may have gained or lost since entry of the district court judgment are matters not yet passed on by the district court. We have consist-