Josie May **WINTERHOLLER**, Appellant
(Defendant below),

v.

Carl Victor **WINTERHOLLER**, Appellee
(Plaintiff below).

Nos. 3895, 3921.

Supreme Court of Wyoming.

July 1, 1971.

R. B. Bowman, Lovell, J. D. Fitzstephens, Cody, for appellant.

Ross D. Copenhaver, of Copenhaver & Castberg, Powell, for appellee.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

Both of these cases arise from the same divorce action. Case No. 3895 is an appeal from the property settlement portion of the decree. Case No. 3921 is an appeal from the child support and maintenance provisions of the amended decree.

Plaintiff-husband and defendant-wife were married to each other on February 20, 1947. Six children were born as issue of the marriage, their ages at the time of filing of the complaint being 21, 18, 16, 12, 10 and 4. On August 22, 1969, the husband filed

in the district court his complaint demanding that a decree of divorce be granted him dissolving his marriage to defendant. On September 3, 1969, the wife filed an answer and counterclaim demanding, among other things, that the complaint of the husband be dismissed and that a decree of divorce be granted to her dissolving her marriage to the plaintiff-husband.

On February 17, 1970, the matter was heard before the district court without benefit of pretrial or stipulation as to the property and assets of the parties. The trial court found that the wife should have and receive an absolute decree of divorce from the husband. The trial court also found that the gross estate of the parties amounted to $261,604.18, and that indebtedness existing at the time of trial was $48,474.13. The court, on the basis of dollar values established during the trial, divided the property equally between the parties. The trial court further found that it had no foundation upon which to base an award to the wife for child support, and thus no allowance was made. The wife was awarded the custody of the minor children subject to reasonable visitation rights of the husband. She then filed a motion for new trial. Upon hearing on March 24, 1970, the trial court granted a partial new trial, but limited the new trial to questions concerning the support of the children, and confined it solely to the question of the income-producing potential of the properties awarded to the parties. Pursuant to the wife's motion for change of judge, the matter was assigned to the Honorable L. A. Crofts, Judge of the Seventh Judicial District.

Whereupon, on April 22, 1970, the wife filed her notice of appeal as to the property settlement portion of the decree, and subsequently perfected the appeal in Case No. 3895.

On May 18, 1970, the matter was heard on the sole issue as announced by the trial court of determining the income-producing aspects of the property awarded to each of the parties, and a subsequent determination of the necessary support and mainte-nance of the four minor children at home and one in college. Upon hearing the matter the trial court found that the judgment and decree of divorce previously entered herein should be supplemented and amended to provide for the support, maintenance, and education of the minor children of the parties, and for the continuing jurisdiction of the court to modify or make different provisions for the support, maintenance, and education of said children. The husband testified that he would make every effort to financially provide for the higher education of his minor children in addition to payments for support and maintenance, and the court relied upon his representations and commitments concerning the expenses of higher education.

The court ordered the husband to pay to the wife the sum of $75 per month per child for their support and maintenance, such payments to continue during the minority life of each child or until the child is emancipated. The court further ordered (1) that 14 shares of the capital stock of the First National Bank of Lovell, Wyoming, which the court previously found to have a value of $21,000, be placed in trust to guarantee the support and maintenance of the minor children; (2) that until all of said minor children reached the age of majority or became emancipated, the husband be restrained from voluntarily selling any portion of the real property then owned by him without first obtaining an order of the court authorizing such sale; and (3) that, except as herein supplemented and modified, the judgment and decree of divorce previously entered into should remain in full force and effect. Whereupon the wife appealed to this court (Case No. 3895). She made no serious argument in this court as to the adequacy of the support payments except as they relate to the income-producing potential of the properties awarded to each of the parties.

Oral argument was heard on both cases at the same time.

As to the property settlement, the wife contends the trial court was unfair to her

in its decision and the court completely ignored the provisions of § 20–63, W.S.1957, which provides:

"In granting a divorce, the court shall also make such disposition of the property of the parties, as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it, for the benefit of the wife and children * * *."

Appellant states in her brief that she is familiar with the law in Wyoming regarding property settlements as set forth by this court on many occasions, and in her brief she cites the principles as announced in Young v. Young, Wyo., 472 P.2d 784, 785:

"1. In making a division of property under the statute the trial court exercises a discretion.

"2. There are no hard and fast rules to control the trial court's action.

"3. The statute does not require an equal division; and a just and equitable division is as likely as not to be unequal.

"4. The decision of the trial court should not be disturbed, except on clear grounds, as that court is usually in a better position than the appellate court to judge of the respective merits and needs of the parties."

The wife further argued that most of the property of the parties was acquired through her parents in one way or another —some of which was acquired by gift and some through purchase. The trial court was well aware of the derivation of the various properties, and our examination of the record indicates that the court gave adequate consideration to this factor and did not abuse its discretion in that regard. As we said in Beckle v. Beckle, Wyo., 452 P.2d 205, 208, it is not the function of this court to constitute itself a court of first instance to divide property in divorce cases.

We find no abuse of discretion in the method of the property settlement as employed by the trial court, and we only modify, as hereinafter set forth, the result. The child support award is fair and within the discretion of the trial court as authorized by law and will not be disturbed.

Even though there was no pretrial conference in this matter, it was unfortunate and unfair to the trial court that it was not furnished an inventory of the assets of the parties. The only evidence of the properties and values thereof was through testimony given by the husband during the trial, and, needless to say, it would have been most difficult for the court to accurately list the assets. The trial court apparently failed to consider two of the assets as testified to by the husband. These consisted of certain monies due him for various services performed. He was to receive $1,600 for picking corn, and $500 for digging beets. These items total $2,100. The decree should therefore be modified to provide that the husband pay to the wife the sum of $1,050—one-half of the total as set forth above—said sum to be paid before a reasonable time as determined by the trial court.

We believe the trial courts gave careful consideration to all factors, did not abuse their discretion, and the decree and amended decree, except as modified herein, are affirmed.

Affirmed.

GRAY, J., not participating.