Dale KARNS, Appellant (Defendant below),

v.

Edythe KARNS, Appellee (Plaintiff below).

No. 4133.

Supreme Court of Wyoming.

July 13, 1973.

Arthur Kline, of Kline & Tilker, Cheyenne, for appellant.

Ted C. Frome, Afton, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE and McINTYRE, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

This is an appeal by the defendant-husband from the property division portion of a divorce decree. The parties were married in April 1953, and resided at Jackson, Wyoming. No children were born as issue of the marriage. Both parties had been married previously. The wife had four children by her former marriage, one of whom lived with the parties for about three years. The husband had no children from his first marriage. The plaintiff-wife filed suit for divorce on September 25, 1969, and at the time of the trial on March 27, 1972, the wife was 61 years of age and the husband was 64 years of age. At the time of the marriage the wife had no assets while the husband owned properties valued at $21,000. The value of all property at the time of the divorce was $922,256.88. The trial court awarded the wife properties having a total value of $214,575.56 and required the husband to pay $7,000 towards the wife's attorney fees, and also to pay an appraiser fee of $2,820.23. All other properties were awarded to the husband. The wife was also additionally awarded $900 per month as temporary support until conclusion of the case, to which no objection was made.

The husband contended the division of property was not just and equitable, and,

while he did not question the amount of the attorney or appraiser fees, he argued that he should not be required to pay any of these fees. We think the question of who pays attorney and appraiser fees is, in effect, part of the property settlement, and it will be treated as such in our discussion.

 We have in the past made it clear that under the property division portion of our divorce statutes[1] a spouse is entitled to an equitable share of all property of the parties, and the discretionary determination by the trial court as to what shall appear as a just and equitable division of property, including property owned by either party at the time of marriage, Storm v. Storm, Wyo., 489 P.2d 1167, and even a spouse's separate property, Lovejoy v. Lovejoy, 38 Wyo. 358, 267 P. 91, shall not be disturbed except on clear grounds. It is true here as in Winterholler v. Winterholler, Wyo., 486 P.2d 232, that the trial court was advised (in this case it was stipulated) as to the derivation of the various properties, and in the absence of any showing to the contrary we must assume that the court gave proper consideration to that factor.

At the time the parties married the husband owned the Pines Motel at Jackson, which consisted of four log cabins, three frame dwellings, and four new units to which 17 units were added while the parties were married. They sold the motel in 1965 for $200,000. No showing was made as to the value of the motel at the time of marriage. The parties resided at the motel from the date of their marriage until it was sold, and they both worked at the motel during the 12 years of ownership. One of the items of evidence was the income tax return of the parties for the year 1964, which was the last full year in which they owned the motel. That tax return showed their principal source of income for that

---

1. Section 20-63, W.S.1957, states in part: "In granting a divorce, the court shall also make such disposition of the property of the parties, as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it, * * * *"

year was from the operation of the motel. Tax returns for the years prior to 1964 were not in evidence, nor was there any showing as to the source of income of the parties in those previous years.

This is not what has sometimes been categorized as the usual situation wherein the husband provides the principal source of income and the wife is a homemaker. Here the wife worked side by side with the husband in the operation of the motel which, during the time they owned it, was apparently their principal source of income. She contributed greatly to the appreciation and the value of the motel because she made a substantial contribution to maintaining and improving the property. The parties lived at the motel, and it is undisputed that the wife worked very hard at the motel during the 12 years the parties owned it. During the summer months she worked from 5 a. m. to midnight on many occasions. She did almost everything that was to be done at a motel. She made reservations, rented and cleaned cabins, did the laundry, helped with the painting and repair, and the maintenance and upkeep of the lawn and flowers. She took care of the correspondence, and at least for a period of time took care of the books. They had three girl helpers in the summer and the wife supervised the motel help. The motel was kept open throughout the year, and during the fall months the parties worked perhaps even harder than they did during the summer months because they had no help and did everything themselves.

The wife, through her energy, made a substantial and direct contribution to the accumulation of the wealth of the parties. Even after the motel was sold a substantial portion of the income to the parties was from interest on the unpaid balance due from the installment sale of the motel. From the time of the motel's sale in 1965 until the date of the trial in this matter on March 27, 1972, interest income from the motel sale was in excess of $45,000. There was also evidence that monies received from the sale of the motel were invested in various savings bonds and improvements to the real properties inherited by the husband from his mother. These items then produced additional income. She also helped build the trailer park started in 1965, and, after its completion, continued to assist in necessary maintenance around the park. While the parties were married they purchased a building lot for $4,500 which had a market value on the date of their divorce of $14,200. The trial court would have been justified in finding that the money for the purchase of this lot came from money produced through the operation of the motel. Additionally, the parties purchased a trailer home which was being rented for $115 per month. During the majority of the parties' married life it appears that either all or a very substantial portion of their income was from the operation of the motel. Both parties were very frugal and it appears from the record that through their joint efforts in the operation of the motel they were able to produce enough income so the husband could retain the unimproved real estate properties which he inherited from his mother, which at that time were largely non-income producing. It is apparent that the properties inherited by the husband increased greatly in value during the married life of the parties. Some of the property inherited by the husband was improved through the joint efforts of the parties and from funds derived from the operation and the sale of the motel.

There is ample evidence to support a finding that the wife played a substantial part in the accumulation of a considerable portion of the property owned by the parties at the time of the divorce. The trial court would have been justified in finding that the husband was able to retain the non-income producing real property, which, over the years, had a tremendous increase in value, because the parties made sufficient money upon which to live and accumulate other properties through their joint efforts in the operation of the motel.

Under § 20-58, W.S.1957, courts may require the husband to pay the wife's attorney fees, and we find no abuse of discretion by the trial court in this case when it required the husband to pay $7,000 towards the wife's attorney fees.

The husband further argued that he should not have to pay appraiser fees since the appraiser was hired by the wife. We think, here again, that the trial court was justified in requiring the husband to pay the appraiser fees, such payment being in the nature of a property settlement. As is true in the attorney fee question, no argument is made that the appraiser fees were unreasonable. It would appear that here the efforts of the appraiser were of great value to both parties and to the trial court. Maps and photographs prepared by the appraiser were introduced into evidence and used by various witnesses as aids in their testimony. The parties stipulated to the values placed on the various properties by the appraiser. The appraisal report, containing 200 pages, was very comprehensive and contained maps, plats, pictures, and detailed analysis of the ten parcels of real property and improvements in question together with comparable sales data of 1953 and 1971. The comparable sales data furnished a partial basis for the opinion as to the value of the property owned by the husband at the time of the marriage as well as the value of the properties of the parties at the time of the divorce. Because of the uniqueness of the real property it would seem that the trial court would have had an impossible task in determining the value of the various parcels without the appraisal which led to the stipulation as to values. In our opinion it was proper for the court to have awarded the appraiser fees with instructions that they be paid by the husband.

Some argument was made by the husband that, as a result of the distribution of certain properties to the wife, he would have some income tax liabilities. He acknowledged that nothing was presented to the trial court in this regard but argued that it was called to the attention of the court in closing argument. Even if we could consider this as an issue raised in the trial court, which we think we cannot, the closing argument was not transcribed and we therefore would have to speculate as to what was called to the court's attention. Issues not raised before the trial court cannot be raised by the supreme court. Guggenmos v. Tom Searl-Frank McCue, Inc., Wyo., 481 P.2d 48.

The husband also questioned whether or not the judgment in favor of the wife should draw interest in the pendency of this action. That question had not been submitted to the trial court and we make no determination of it here. Kipp v. Agee, Wyo., 458 P.2d 728.

It appears that the trial court gave consideration to the respective merits of the parties and to the condition in which they would be left by the divorce, and that it was fully advised as to the party from whom the property was acquired and the burdens imposed upon it. Having considered these points the court in its discretion made a disposition of the property of the parties. We cannot say that such distribution is upon clear grounds unjust and inequitable so as to constitute an abuse of discretion by the trial court. There therefore being no error, the judgment is affirmed.

Affirmed.