**1240**

**Howard Wayne KIELER, Appellant**
**(Plaintiff below),**
**v.**
**Alice Lavonne KIELER, Appellee**
**(Defendant below).**

**No. 4522.**

Supreme Court of Wyoming.

Dec. 19, 1975.

Ernest W. Halle and Terry W. Mackey, Urbigkit, Moriarity, Halle & Mackey, P.C., Cheyenne, for appellant.

Bernard E. Cole, Cheyenne, for appellee.

Before GUTHRIE, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and ARMSTRONG, D. J., Retired.

PER CURIAM.

This appeal complains about the trial court's division of property in a contested divorce action. The statute, § 20–63, W.S. 1957, authorizes the trial court to make such disposition of the property of the parties as shall appear just and equitable. This court has considered that enactment many times. *Lovejoy v. Lovejoy,* 36 Wyo. 379, 256 P. 76 (1927), reh. den., 38 Wyo. 358, 267 P. 91 (1928); *Crawford v. Crawford,* 63 Wyo. 1, 176 P.2d 792 (1947); *Garman v. Garman,* 59 Wyo. 1, 136 P.2d 517 (1943); *Boschetto v. Boschetto,* 80 Wyo. 374, 343 P.2d 503 (1959); *Warren v. Warren,* 361 P.2d 525 (Wyo.1961); *Biggerstaff v. Biggerstaff,* 443 P.2d 524 (Wyo.1968).

The statute does not require an equal division of property. *Piper v. Piper,* 487 P.2d 1062 (Wyo.1971). In fact, in the exercise of a court's discretion, just and equitable divisions are likely to be unequal. *Barbour v. Barbour,* 518 P.2d 12 (Wyo. 1974).

The record contains no evidence of an abuse of discretion or capriciousness on the part of the trial court.

Application for an attorney's fee for appellee having been filed, it is allowed in the sum of $300.00.

No error appearing, the case is affirmed.

GUTHRIE, Chief Justice (concurring).

I concur but would additionally find there was no reasonable cause for this appeal under Rule 72(k), W.R.C.P.