Donna J. KANE, Appellant (Defendant),

v.

Kenneth A. KANE, Appellee (Plaintiff).

Donna J. KANE, Appellant (Plaintiff),

v.

Kenneth A. KANE, Appellee
(Defendant).

Nos. 84–49, 84–50.

Supreme Court of Wyoming.

Sept. 26, 1985.

Thomas C. Wilson, Sheridan, and Charles F. Moses, Billings, for appellant.

Tom C. Toner, Redle, Yonkee & Arney, Sheridan, and Frank C. Richter, Billings, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

THOMAS, Chief Justice.

In this appeal we are asked to decide whether the district court had the authority to modify the provisions of a decree of divorce relating to the property of the parties and to determine the consequences of the court's division of that property pursuant to Rule 60(a), W.R.C.P. In the process we must address the substantive effect of our statute relating to equitable distribution of the property of the parties, § 20–2–114, W.S.1977. The district court adjusted the decree by ascribing to the parties co-ownership of a ranch in Montana during their marriage, at the time the divorce complaint was filed, and prior to the decree. It also required the wife to pay her share of federal taxes arising out of the sale of the ranch property. We hold that the district court had jurisdiction and authority to so modify the decree; that as modified it correctly reflects Wyoming law; and the judgment of the district court is affirmed.

In the index to her brief in these cases Donna J. Kane raises the following issues:

"1. The Lower Court had no Jurisdiction to Change Title to Land outside Wyoming.

"2. The District Court cannot change the Decree as Modified and Affirmed on Appeal

"3. Res Judicata Bars this Order and Judgment

"4. The Court cannot change a Husband's Right to own Separate Property during a Marriage and Prior to a Divorce

"5. The Internal Revenue Service and the Federal Courts had Jurisdiction over this Controversy

"6. The Issues Raised here may be Moot

"7. The Wyoming Declaratory Judgment Statutes Do Not Permit this Action

"8. The Divorce Court Reserved Jurisdiction

"9. There are Genuine Issues as to Material Facts and Law in Dispute"

Kenneth A. Kane complains that there is not really a statement of issues by the appellant, and he then states the issues in this way:

"1. Is Kenneth Kane asking the court to act in excess of its jurisdiction by directly affecting title to land in Montana?

"2. Does the Wyoming District Court have jurisdiction and authority to grant the relief sought under either the Uniform Declaratory Judgments Act or under its express reservation of jurisdiction in the divorce decree of power to decide disputes arising out of that decree?

"3. Do the federal courts and the Internal Revenue Service have exclusive jurisdiction over the matter in question?

"4. Is the action barred by res judicata or mootness.

"5. Did Donna Kane have a vested ownership interest in the parties' ranch prior to the decree of divorce such that the property division decreed by the court was a recognition of a species of common ownership of the marital estate by the wife resembling a division of property between co-owners as opposed to a conveyance by the husband for the release

of an independent obligation owed by him to the wife?

"6. Did the court have the authority under *Wyo.R.Civ.P.* 60(a) to make the written decree of divorce conform to the court's oral judgment which imposed an obligation upon Donna Kane to pay a share of the income tax arising from the sale of the ranch?"

This case has been before this court on two previous occasions. *Kane v. Kane*, Wyo., 577 P.2d 172 (1978); *Kane v. Kane*, Wyo., 616 P.2d 780 (1980). It appears that the reason for this appeal is the assertion of inconsistent positions by the Internal Revenue Service of the Department of Treasury of the United States of America with respect to payment of taxes arising out of the sale of the ranch property in Montana to Shell Oil Company. If the effect of the divorce decree was that at that time a sale occurred from Kenneth A. Kane to Donna J. Kane of an undivided one-half interest in the ranch property in exchange for a release of her marital rights then the transaction would result in all of the taxes being paid by Kenneth Kane. On the other hand, if the decree of divorce effected a division of property between co-owners then upon the sale each of the parties would pay one-half of the taxes.

When this issue arose Kenneth A. Kane filed a motion in the divorce case seeking modification of the decree pursuant to Rule 60(a), W.R.C.P.[1] Apparently out of an abundance of caution he also filed a separate declaratory judgment action in which he sought a construction of the decree which would ascribe to it the effect of a division of property between co-owners. The district court combined the two cases for hearing and entered an Order and Judgment which provided in material part as follows:

---

1. Rule 60(a), W.R.C.P., provides as follows:
"(a) Clerical mistakes.—Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the Supreme Court, and thereafter while the appeal is pending may be so corrected with leave of the Supreme Court."

"IT IS, THEREFORE, ORDERED, AD-JUDGED AND DECREED, that Kenneth A. Kane and Donna J. Kane were during their marriage at the time the divorce complaint was filed, and prior to the decree of divorce, co-owners of the Montana ranch property purchased by Shell Oil Company regardless of in whose name the ranch was titled.

"IT IS FURTHER ORDERED, AD-JUDGED AND DECREED, by the court that Donna J. Kane is to pay her respective share of the federal income taxes arising out of the sale of the ranch property to Shell Oil Company as though she was a co-owner of the ranch property during the marriage to Kenneth A. Kane."

We do not address the applicability of the Wyoming Declaratory Judgments Act, § 1–37–101 et seq., W.S.1977, to the situation. Donna Kane argues that it is not applicable, and Kenneth Kane does not seek to defend that position. It is not necessary to treat with the Declaratory Judgment Act because the district court had jurisdiction pursuant to Rule 60(a), W.R.C.P. to treat with the matter as it did. We think that proposition was settled in *Kane v. Kane,* supra, 616 P.2d at 782.

The district court retained jurisdiction to correct errors in the decree, and it is well established that we can uphold a trial court if there is any proper basis on which that can be done. *Mentock v. Mentock,* Wyo., 638 P.2d 156 (1981); *ABC Builders, Inc. v. Phillips,* Wyo., 632 P.2d 925 (1981). A correction to make a written judgment conform to an oral pronouncement properly may be accomplished under Rule 60(a), W.R.C.P. *Kane v. Kane,* supra, 616 P.2d at 782; *Estate of Kimball,* Wyo., 583 P.2d 1274 (1978). The first sentence of Rule 60(a), W.R.C.P., is identical to Rule 37 W.R.Cr.P., and we have held with respect to the criminal rule the judgment is distinguishable from a record of the judgment and if the record or written judgment is incorrect, the trial judge has a duty to correct it. *Lane v. State,* Wyo., 663 P.2d 175 (1983), citing *Fullmer v. Meacham,*

Wyo., 387 P.2d 1007 (1964). The length of time between the correction in this instance and the original decree is not as long as that approved in *Estate of Kimball,* supra. In this instance, the district court orally pronounced that any tax liability should be shared equally. This court referred to that statement twice as if it had been in the decree. *Kane v. Kane,* supra, 577 P.2d at 174. The language, however, was not included in the original decree, and it is proper for the decree to be modified to reflect that actual judgment.

Principles reflected in earlier cases in this court manifest the propriety of the district court requiring the payment of any equal share of the taxes. We have held that a loan repayment provision is part of the equitable division of property. *Prentice v. Prentice,* Wyo., 568 P.2d 883 (1977). It is proper to provide for payment by one spouse of attorney's fees for the other as part of the property settlement. *Bereman v. Bereman,* Wyo., 645 P.2d 1155 (1982); *Paul v. Paul,* Wyo., 616 P.2d 707 (1980); *Klatt v. Klatt,* Wyo., 654 P.2d 733 (1982); *Karns v. Karns,* Wyo., 511 P.2d 955 (1973). In *Bereman v. Bereman,* supra, we also held that cancellation of a debt from one spouse to another, which in effect awards that spouse a sum of money, is a proper provision in a property settlement. In *Karns v. Karns,* supra, fees of appraisers were properly included in a property settlement. In *Klatt v. Klatt,* supra, we said that any other financial matters should also be considered in making a just and equitable disposition of the family assets.

" * * * A division of the marital estate of necessity involves an assignment of assets and liabilities." *Paul v. Paul,* Wyo., 616 P.2d 707, 715 (1980).

Under the theory of these cases the authority of the district court to provide for an equal payment of a federal income tax liability is well established, and we have no question as to the authority of the court to modify the decree to encompass its articulated intention to accomplish that end.

Because of the concern of the parties in this instance we also address the

nature of marital property in Wyoming and the effect of divorce proceedings thereon. Pursuant to § 20–2–114, W.S.1977, the property the trial judge is authorized to distribute has been described with different labels. We have alluded to the marital estate in *Storm v. Storm,* Wyo., 470 P.2d 367 (1970) and *Paul v. Paul,* supra, and to the family assets in *Klatt v. Klatt,* Wyo., 654 P.2d 733 (1982) and *Paul v. Paul,* supra. The label, however, is not important because it is clear that the property of the parties which is subject to distribution by the court includes not only jointly owned property but also property owned by either spouse separately. *Klatt v. Klatt,* supra; *Paul v. Paul,* supra; *Craver v. Craver,* Wyo., 601 P.2d 999 (1979); *Karns v. Karns,* supra. In *Storm v. Storm,* supra, 470 P.2d at 371, we approved inclusion of "all property which the wife had a part of accumulating, including property if any and proceeds therefrom, which may have been owned by either party at the time of the marriage." To the same effect see *Karns v. Karns,* supra.

Our statutes specifically reserve the right of each spouse to own and convey his or her separate property. Sections 20–1–201 and 20–1–202(a), W.S.1977. That right, however, is adjusted upon the filing of a complaint for divorce. At that juncture the jurisdiction of the district court is invoked to provide for an equitable distribution of the property of the parties in accordance with § 20–2–114, W.S.1977. We conclude that the effect of our statute is quite similar to the effect ascribed to the Kansas statute in *Cady v. Cady,* 224 Kan. 339, 581 P.2d 358 (1978). That court held that prior to the filing of the divorce petition a spouse had only an inchoate interest in property held in the name of the other spouse. When the divorce complaint is filed, however, that inchoate interest vests subject to definition and determination by the divorce court. At that juncture a species of common or co-ownership is identified, but that property is not then divided until the ultimate decree of the court. Other courts have reached a similar conclusion with respect to equitable distribution statutes. *Marriage of Brown,* 179 Mont. 417, 587 P.2d 361, 365 (1978); *Imel v. United States,* 184 Colo. 1, 517 P.2d 1331 (1974); *Imel v. United States,* 523 F.2d 853 (10 Cir.1975); *Collins v. Oklahoma Tax Commission,* Okl., 446 P.2d 290 (1968); *Collins v. C.I.R.,* 412 F.2d 211 (10th Cir.1969).

In this regard then we hold that even though property is owned separately by one spouse, as in this case, at the time the complaint in the divorce action is filed the other spouse acquires a co-ownership interest in that property which is not defined until the entry of the decree which articulates the property settlement. The inchoate interest of the spouse in separate property of the other spouse is vested at the time the divorce action is filed and at that time is converted into a species of common or co-ownership. When the decree is entered it divides property which is held by the parties as co-owners. In any instance in which, as here, the trial court grants each party a one-half interest in a given property, the co-ownership continues until disposition of the property. If the trial court awards all of a given property to one party, that award is also a disposition of property held by co-owners, but the party awarded the property then owns it as an individual. Because of our prior opinions in this case we have no difficulty in extending this concept to the ranching property which was situated in Montana.

Other issues which were briefed and argued by the parties in this case we conclude have been settled by the previous opinions in this court. The judgment of the district court is affirmed.