SCHWARTZ, Chief Judge.
Marathon Trailerama, Inc., the operator of a trailer park in Monroe County, appeals from a final order of the Department of Health and Rehabilitative Services which, adopting the recommendation of the hearing officer, found the appellant guilty of maintaining a sanitary nuisance, § 386.01, Fla.Stat. (1983),[1] and, as authorized by section 381.112(1), Florida Statutes (1983),[2] imposed an administrative fine against it. The ruling was based on the conceded fact that the method of human waste disposal provided on the premises consists of cesspools — essentially holes in the ground, with porous walls and cement lids, into which raw sewage from the trailers is allowed to flow. No chemical or other treatment is applied to the sewage which, in its raw state, comes at once into contact with the surrounding rock and soil and is immediately absorbed into the ground and water table.
We affirm the order under review upon the holding that the use of common cesspools in itself involves permitting the presence of “untreated ... human waste” on the appellant’s property which-, under section 386.041(l)(a), Florida Statutes (1983),[3] is “prima facie evidence” of a sanitary nuisance and is thus, without more, sufficient to support the ultimate determination to that effect below. Since the cesspools themselves are thus by definition vio-lative of the statute, it does not matter if, as the trailer park contends, it in fact periodically pumped them out and diligently corrected any overflows of effluent onto the surface or backups into the toilets. Nor do we agree that the special treatment *75 in section 386.041(l)(b) of “privies” — which, it is argued, likewise do not involve the treatment of human waste[4] but which are not forbidden unless they are “improperly built or maintained” [e.s.] — conflicts with or detracts from the broad and surely salutary prohibition of untreated human waste in section 386.041(l)(a). See Trushin v. State, 425 So.2d 1126, 1131 (Fla.1982), approving, 384 So.2d 668, 675 n. 20 (Fla. 3d DCA 1980).
The other points raised have no merit.
Affirmed.

. Section 386.01 provides:
Sanitary nuisance. — A sanitary nuisance is the commission of any act, by an individual, municipality, organization, or corporation, or the keeping, maintaining, propagation, existence, or permission of anything, by an individual, municipality, organization, or corporation, by which the health or life of an individual, or the health or lives of individuals, may be threatened or impaired, or by which or through which, directly or indirectly, disease may be caused.

. Section 381.112 provides:
Administrative fines.—
(1) In addition to any administrative action authorized by chapter 120 or by other law, the Department of Health and Rehabilitative Services may impose a fine, which shall not exceed $500 for each violation, for the violation of any of the rules contained in the Sanitary Code of Florida and for the violation of any of the provisions of chapter 386. Notice of intent to impose such fine shall be given by the department to the alleged violator. Each day that a violation continues may constitute a separate violation.

.Section 386.041 provides:
Nuisances injurious to health.—
(1) The following conditions existing, permitted, maintained, kept, or caused by any individual, municipal organization, or corporation, governmental or private, shall constitute prima facie evidence of maintaining a nuisance injurious to health:
(a) Untreated or improperly treated human waste, garbage, offal, dead animals, or dangerous waste materials from manufacturing processes harmful to human or animal life and air pollutants, gases, and noisome odors which are harmful to human or animal life.
(b) Improperly built or maintained septic tanks, water closets, or privies.

. Our view of this issue fortunately makes it unnecessary to determine the validity of this position. The would-be student of the subtle distinctions among the various means of pre-modern sewage disposal is referred to Logan v. Childs, 51 Fla. 233, 41 So. 197 (1906); Miley v. A'Hearn, 13 Ky. 834, 18 S.W. 529 (1892), and the definitions of "privy,” "necessary," "backhouse," and "cesspool," in Webster’s Unabridged New International Dictionary (2d ed. 1959) and "outhouse” and "latrine" in The American Heritage Dictionary (2d ed. 1982).