John Dale MANN, Appellant (Defendant),

v.

Rachelle Lynn MANN, Appellee (Plaintiff).

No. 98–119.

Supreme Court of Wyoming.

May 6, 1999.

Donald L. Painter, Casper, Wyoming, Representing Appellant.

Richard R. Jamieson, Casper, Wyoming, Representing Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

GOLDEN, Justice.

In his appeal from the property division resulting from his divorce proceedings, Appellant John Dale Mann (Mr. Mann) contends that Wyo. Stat. Ann. § 20–1–201 (Michie 1997) required the district court to find that property he purchased with his own money and on which he made all mortgage payments was his separately owned property and not subject to distribution to his wife, Appellee Rachel Lynn Mann (Mrs. Mann), under Wyo. Stat. Ann. § 20–2–114 (Michie 1997).

Our decision in *Kane v. Kane*, 706 P.2d 676 (Wyo.1985), required the district court to consider the property as part of a property settlement to be distributed in accordance with Wyo. Stat. Ann. § 20–2–114, and that court did not abuse its discretion in awarding the property to Mrs. Mann. We affirm the

* Retired November 2, 1998.

district court's judgment and decree of divorce.

### ISSUES

Mr. Mann presents this issue for our review:

1. Whether the District Court properly awarded Appellee the residence at 1302 East Seventh Street, Casper, Wyoming.

Mrs. Mann rephrases the issue as:

A. Did the District Court abuse its discretion in awarding the parties' marital home to the appellee?

### FACTS

The district court settled the record pursuant to W.R.A.P. 3.03. The parties were married on December 29, 1986, and legally separated by order on October 7, 1993. During the marriage, the parties lived on property in Guernsey, Wyoming, owned by Mr. Mann before the marriage. While living there, Mrs. Mann cared for the parties' minor child and Mr. Mann's children from a previous marriage. After the separation, Mr. Mann moved to Casper, and Mrs. Mann continued to live on the Guernsey property. She made the payments on the property and continued to raise the children. Because of the limited support Mr. Mann was providing to his wife and children, Mrs. Mann was forced to apply for benefits from AFDC.

Mr. Mann purchased a vacant lot before the parties were legally separated and was awarded this property in the divorce decree. He also purchased a home in Casper at 1302 East Seventh Street in anticipation of the parties' reconciliation in November of 1995. The parties lived in that residence as husband and wife from the first day. Mr. Mann made all of the monthly mortgage payments, and Mrs. Mann cared for the parties' minor child and his children from a previous marriage. Mr. Mann was not paying any child support other than the house payment at that time. After purchase of the property, Mr. Mann did make repairs and restorations to the property solely from his own resources while Mrs. Mann claims that she resided in

it, cleaned, made minor repairs as needed and paid the utility bills. Her name, however, did not appear on the title to the property.

The parties again separated in January of 1997, and Mrs. Mann continued living in the Casper home. Mrs. Mann filed for divorce and, following an unrecorded trial, Mr. Mann was awarded real estate described as 599, 601, and 603 West Fremont, Guernsey, Wyoming, and was ordered to pay $680 per month in child support. Mrs. Mann was awarded the property at 1302 East Seventh in Casper. After hearing the testimony of the parties and arguments of counsel, the court made no specific finding whether the separation agreement was res judicata as to the property and debt acquired before the effective date of the separation. The court did, however, distribute the assets and debts of the parties as they were awarded in that separation. The court also found that property acquired after the reconciliation was marital property and subject to equitable distribution in the divorce proceeding. The court found that the residence located at 1302 East Seventh Street was marital property and subject to distribution.

In addition to the Guernsey property, Mr. Mann was awarded the vacant lot, all of his 401K plan, and four automobiles. Each party was ordered to assume the debt associated with the real property awarded to each.

## DISCUSSION

Mr. Mann contends that the Casper home was his separate property, purchased solely from his resources without any contribution by appellee, and that the trial court erred in distributing it as marital property. He relies upon Wyo. Stat. Ann. § 20–1–201 for authority that the court was required to recognize it as separate property and contends that the marital property distribution principles found in Wyo. Stat. Ann. § 20–2–114 do not apply. Mrs. Mann contends that she contributed to both the Guernsey and Casper properties and the trial court equitably distributed the Casper property to her under Wyo. Stat. Ann. § 20–2–114. Mr. Mann's statutory interpretation contentions present a question

of law. Our standard of review for questions of law is de novo.

 Wyo. Stat. Ann. § 20–1–201 (Michie 1997) provides:

All property belonging to a married person as his separate property which he owns at the time of his marriage or which during marriage he acquires in good faith from any person by descent or otherwise, together with all rents, issues, increase and profits thereof, is during marriage his sole and separate property under his sole control and may be held, owned, possessed and enjoyed by him the same as though he were single. Such property is not subject to the disposal, control or interference of his spouse and is exempt from execution or attachment for the debts of his spouse if the property was not conveyed to him by his spouse in fraud of his creditors. The necessary expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, for which they may be sued jointly or separately.

This statute, along with Wyo. Stat. Ann. § 20–1–202(a) (Michie 1997), specifically reserves the right of each spouse to own and convey his or her separate property. *Kane v. Kane*, 706 P.2d 676, 680 (Wyo.1985). *Kane* also ruled:

That right, however, is adjusted upon the filing of a complaint for divorce. At that juncture the jurisdiction of the district court is invoked to provide for an equitable distribution of the property of the parties in accordance with § 20–2–114[.]

*Id.* Accordingly, a married person's separately owned property is subject to distribution by the court as well as jointly owned property. *Id.* (citing *Klatt v. Klatt*, 654 P.2d 733 (Wyo.1982); *Paul v. Paul*, 616 P.2d 707 (Wyo.1980); *Craver v. Craver*, 601 P.2d 999 (Wyo.1979); *Karns v. Karns*, 511 P.2d 955 (Wyo.1973)).

 Wyo. Stat. Ann. § 20–2–114 (Michie 1997) provides:

In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of

the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children.

We apply an abuse of discretion standard when reviewing divisions of marital property and, recognizing that property settlements present complex problems requiring the trial court to assess the respective merits and needs of the parties, we will not disturb the result absent a manifest abuse of that discretion. *France v. France*, 902 P.2d 701, 703 (Wyo.1995); *Neuman v. Neuman*, 842 P.2d 575, 578 (Wyo.1992); *Kennedy v. Kennedy*, 456 P.2d 243, 247 (Wyo.1964). We will find an abuse of discretion when the disposition shocks the conscience of the court and appears so unfair and inequitable that reasonable persons could not abide it. *France*, 902 P.2d at 703. "In applying these standards, we review the evidence on appeal in the favor of the successful party below, ignoring the evidence of the unsuccessful party, and granting the successful party every reasonable inference that can be drawn from the record. *Id.* at 703–04."

In this case, we do not find that any abuse of discretion occurred in awarding Mrs. Mann the Casper home. Although legally separated, the parties were still legally married when the home was purchased in anticipation of reconciliation. Both parties moved in and resided in the home as a family, and both parties contributed resources to either its purchase or maintenance. We hold the district court was required to apply Wyo. Stat. Ann. § 20–2–114 and that the district court properly exercised its discretion in awarding the Casper home to Mrs. Mann.

We affirm the district court's judgment and decree of divorce.