SHEVIN, J.
Crane Point Associates, Inc., appeals an injunction enjoining the operation of the Crane Point Resort and Marina until construction and completion of an onsite sewage disposal system to abate a sanitary nuisance. A complete examination of the record of the-proceeding below reflect no error; therefore, the judgment of the trial court is affirmed in all respects.[1]
As this court held in Marathon Trailerama, Inc. v. Dep’t of Health & Rehab. Servs., 487 So.2d 73, 74 (Fla. 3d DCA 1986), “the use of common cesspools in itself involves permitting the presence of ‘untreated ... human waste’ on [Crane’s] property which, under section 386.041(1)(a), Florida Statutes ..., is ‘pri-ma facie evidence’ of a sanitary nuisance .... ” (Footnote omitted). It is beyond peradventure that a resort located on a peninsula overlooking the Gulf of Mexico may not use cesspools for disposing of human waste; the untreated waste from the cesspools may place the community in danger of serious illness. Crane failed to remedy the health hazard in the 18 months since the issuance of the original violation citations. Thus, the court properly entered the injunction to abate the nuisance by closing the resort until Crane installs a proper sewage treatment system. See §§ 386.041(2); 381.0012, Fla. Stat. (2001). As the learned trial court stated, Crane may seek to re-open the resort upon completion of the sewage disposal system.
Affirmed.

. We also affirm the order denying the motion to intervene, motion for reconsideration, and motion to enforce plaintiff's compliance with the consent order. This appeal was consolidated with the appeal from the injunction.